CASE 71—ACTION FOR MANDAMUS—MAY 22.

# Suter, Sheriff, v. Stone, Auditor.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

SHERIFFS—COMPENSATION FOR TRANSPORTING WITNESS TO ANOTHER COUNTY.

Held.   A sheriff is not entitled to be reimbursed out of the State treasury for the cost of transporting to another county a witness in a criminal case, charged with contempt, as the statute makes no provision therefor.

JAS. H. POLSGROVE, ATTORNEY FOR APPELLANT.

While there is no specific provision for the payment by the State of the expense of the sheriff in conveying a prisoner from one county to another, in cases of this kind the trend of the several sections, 1728, 356, 354 and 888, indicate that it was the intention of the Legislature; and it seems to be the spirit of the law that all fees and expenses incident to the prosecution and trial of a felony case, as well as that all fees and expenses incurred in maintaining decorum and preserving the dignity of the circuit court, should be paid by the State.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

There was pending in the Carter Circuit Court an indictment charging a certain person with murder. One George Shelton resided in Franklin county, and was summoned as a witness in that proceeding, and, failing to obey the summons, an order was issued by the Carter Circuit Court directing the sheriff of Franklin county to arrest and bring him before the Carter Circuit, which he did. The auditor refusing to issue his warrant for the cost of transportation, this proceeding was instituted to compel him to do so.

An officer should not be compelled to defray the expense

of transporting a prisoner from one county to another without, at least, being reimbursed the amount he expended. However, under the adjudications of this court, the auditor can not be compelled to issue his warrant unless there is a statute authorizing the payment of the claim. The statute authorizes the payment of jailers for imprisoning and releasing one charged with contempt. It also allows him compensation for keeping and dieting such a prisoner. It also allows the sheriff sixty cents for executing a process in contempt proceedings in a criminal case when the court excuses the contempt. It also provides that, when a witness is attached for his failure to appear without good cause therefor, he shall pay all costs resulting from his failure to do so. The court excused Shelton; therefore he was not liable for the cost of his transportation. There being no statute authorizing the payment of this expense, we must hold that the auditor properly refused to issue his warrant.

The fact that the Legislature provided that the State should pay certain expenses in the arrest and confinement of persons charged with contempt excludes the idea that those not named should be so paid by the State. Subsection 1, section 1749, Kentucky Statutes, provides that "no officer shall demand or receive . . . any fee for services rendered when the law has not fixed on a compensation therefor. . . ." The judgment is affirmed.