CASE 105.—ACTION BY G. M. MITCHELL AGAINST HENRY
COUNTY FOR SERVICES RENDERED AS JAILER.
—March 6.

# Mitchell v. Henry County

Appeal from Henry Circuit Court.

R. F. PEAK, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

1. Fiscal Courts—Jurisdiction—Contract with Jailer.—The fiscal
court is one of special and limited jurisdiction and it has no
power to appropriate the money of the county, except as
authorized by law. There is no statute authorizing the fiscal
court to make any kind of a contract with the jailer.
2. Fees of Jailer—Statute Fixing—Ex Officio Services.—The
statute fixes the fees of the jailer for all services rendered
by him and when as in sec. 3948, the statute requires
him to superintend the public square, courthouse, clerk's
office, jail, stray pen, etc., such services must be regarded
as ex officio, for which no charge can be made.

MOODY & BARBOUR for appellant.

HILLIS LIST for appellee.

·OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an appeal from a judgment of the Henry
circuit court declaring void an order made by the
fiscal court of that county at its October term, 1906,
said order reading as follows: "On motion it is
ordered by the court that the jailer's salary be fixed
vol. 124—52.

at the rate of $150 per year, beginning January 1, 1907, and that the court hereby appropriate $350 per year for the purpose of employing a janitor to take charge of the buildings and grounds, and that said janitorship here provided for be at the option of the jailer to accept and discharge the duties thereof subject to the directions of the county court. The several allowances payable out of any money in the sheriff's hands not otherwise appropriated, and the county clerk is authorized to certify the claims quarterly.''

The only questions involved in this case are of law; and are as follows: (1) Did the fiscal court have the power and authority to allow the jailer a salary in lieu of the fees allowed him by statute? (2) Did the fiscal court have the authority to appropriate $350, or any sum, to pay a janitor for his services in ''taking charge of the public buildings and grounds?'' The fiscal court is one of special and limited jurisdiction. It has no power to appropriate money of the county, except as authorized by law. See Morgantown Deposit Bank v. Johnson, 56 S. W. 825, 22 Ky. Law Rep. 210. There is no statute authorizing the fiscal court to make any kind or character of contract with the jailer. The jailer is elected by the people, the statute fixes his allowances and fees for all services rendered by him, and the court has no power to change or allow them in any other manner. Ky. Stat., 1903, sections 356, 1730. Section 3948 of the Kentucky Statutes of 1903 provides as follows: ''The jailer of each county shall be superintendent of the public square, courthouse, clerk's office. jail, stray pen and other county buildings at the seat of justice.'' But there is no provision of the statute authorizing payment to him for such services. By section 1749 of the statutes it is provided: ''No fee bill shall be made out or compensation allowed hereafter for any ex-officio services rendered'

or to be rendered by any officers.'' Therefore, when the statute requires services to be performed by its officers (as in section 3948) for which no remuneration is allowed, they must be regarded as ex-officio, for which no charge can be made.

Appellant contends, however, that under section 1840 the fiscal court had the power to remunerate the jailer for his services for superintending the public square, courthouse, clerk's office, etc. That section provides: ''The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated; to erect and keep in repair necessary public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat.'' This statute has no application to this case. There is no doubt about the fiscal court's power to appropriate funds for the purposes mentioned; but appellant contends that this appropriation by the fiscal court was for the employment of a janitor to keep this property in repair. The order says, ''A janitor to take charge of the buildings and grounds.'' Even if the fiscal court had power, which is not decided, to make an appropriation for repairs in the future, it was not done by the order in question, for it only made an appropriation for the performance of a duty required of the jailer under section 3948.

But it is contended that repairs would include the sweeping of the floors in the courthouse building. We do not so understand it; and there is no authority for the court to make an appropriation for the payment of such services. In the case of Wortham v. Grayson County Court, 13 Bush, 53, this court said: ''It is sufficient answer to state that the State and county governments of this country never become debtors by implication to any of their agents and that in order to hold them, or any of them, responsible for a claim, the

claimant must show a legal obligation on their part to pay it." This may seem a great hardship on a person who performs the services; but the remedy is with the General Assembly.

For these reasons, the judgment of the lower court is affirmed.