CASE 2. — ACTION BETWEEN THE FISCAL COURT OF JEF-
FERSON COUNTY AND JOHN P. PFLANZ AS TO
THE DUTY OF THE JAILER TO PROVIDE LIGHTS,
HEAT AND JANITOR SERVICE FOR THE ARM-
ORY.—October 31.

## Fiscal Court of Jefferson County v. Pflanz

Appeal from Jefferson Circuit Court; Chancery
Branch; Second Division.

SAMUEL KIRBY, Judge.

From the judgment the fiscal court appeals.
Affirmed.

1.  Militia — Armories — Expense of Maintenance — Statutes —
    "Other County Buildings."—Ky. Stats., 1903, section 3948,
    provides that the "jailer of each county shall be superin-
    tendent of the public square, court-house, clerk's office, jail,
    stray-pen and other public county buildings at the seat of
    justice." Section 356 requires the jailer to furnish fuel,
    lights, and water to the circuit court rooms, and allows him
    $2 a day therefor, to be paid out of the State treasury. Sec-
    tion 1749 provides against the allowance of a fee bill for
    any ex-officio services. Held, That the duty and expense of
    maintaining, lighting, heating, and janitor's service for an
    armory erected at the seat of justice by the fiscal court at
    the expense of the county was not intended to be borne by
    the county jailer; the words "other county buildings" re-
    ferring only to buildings of the smae class as those specific-
    ally mentioned in the section.

2.  Same.—Act March 21, 1904, (Laws 1904, p. 127, ch. 52), pro-
    vides that where state guard companies are organized and
    furnished with public arms, in any county, the fiscal court
    of the county shall provide at the cost of the county an
    armory for drill and safe place for keeping the public arms.
    Ky. Stats., 1903, section 1840, provides that the fiscal court
    shall have jurisdiction to appropriate county funds as author-

Fiscal Court of Jefferson County v. Pflanz.

ized by law, to erect and keep in repair necessary public buildings, and secure a sufficient jail and a place for holding court. Held, That, though a county must have a specific warrant of law for every obligation it assumes, the fiscal court may make such provision for the maintenance of the armory building as may be necessary; this power being incidental to the execution of the power to provide conferred by the statute.

R. L. PAGE, county attorney, for appellant.

1. The Jefferson county armory is certainly a public building and is the property of the county.

2. Section 3948, Ky. Stats., makes the jailer of each county the custodian of all public buildings at the seat of justice.

3. As custodian of the court-house the jailer receives nothing in the way of fees for janitor services. Such services are ex-officio, for which no fees are allowed.

4. The fiscal court is one of special and limited jurisdiction and has no power to appropriate the money of the county except as authorized by law. There is no statute authorizing it to make any kind of contract with the jailer.

### AUTHORITIES CITED.

Ky. Stats., sections 3948, 356, 1749; Mitchell, Jailer, v. Henry County, 30 Ky. Law Rep., 1051; Wortham v. Grayson County, 13 Bush, 53.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Affirming.

By an act of the Legislature, approved March 21, 1904 (Laws 1904, p. 127, c. 52), it was provided: "Where state guard companies have been or may hereafter be, organized, and furnished with public arms or equipments by the Governor, in any county of this Commonwealth, the fiscal court of said county shall provide, at the cost of the county, an armory for drill, and safe place for keeping such public arms and equipments, where they will be at all times

accessible to the company.'' It is alleged in the petition in this case that companies of the state guard have been organized in Jefferson county and furnished equipments by the Governor, and that the fiscal court of that county has provided at the cost of the county an armory for drill and safe place for keeping the public arms and equipments of the guards. This controversy is whether the duty and expense of maintaining, lighting, heating, and janitor's service for the armory must be borne by the fiscal court on behalf of the county, or by the jailer.

Section 3948, Ky. Stats. 1903, provides: ''The jailer of each county shall be superintendent of the public square, court-house, clerk's office, jail, straypen and other public county buildings at the seat of justice.'' The last-named section has been the law in this State for a number of years. Section 356, Ky. Stats. 1903, requires the jailer to furnish fuel, lights, and water to the circuit court rooms, and allows him $2 a day therefor, to be paid out of the State treasury. But as custodian of the courthouse he is allowed nothing in the way of fees for janitor's services. Such services are ex officio services for which the jailer receives no fee. It was so held in the case of Mitchell, Jailer, v. Henry County, 124 Ky. 833, 100 S. W. 220, 30 Ky. Law Rep. 1051. Section 1749, Ky. Stats. 1903, provides: ''No fee bill shall be made out or compensation allowed hereafter for any ex officio services rendered or to be rendered by any officer.'' Concerning the general jurisdiction of the fiscal court over the public funds and property of the county it is provided (section 1840, Ky. Stats. 1903): ''The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated; to erect and keep in repair necessary public buildings,

secure a sufficient jail and a comfortable and convenient place for holding court at the county seat.'' There is no express provision authorizing the fiscal courts to incur the expenses necessary to light and heat and care for the other county buildings. Construing the language of section 3948, supra, under the rule ejusdem generis, the expression ''other county buildings at the seat of justice'' has reference to buildings of the same kind and class as those specifically mentioned. If, for example, the county almshouse should be located at the seat of justice, it would scarcely be contended that the county's poor should be provisioned, clothed, and housed at the expense of the jailer as an ex officio service, yet the counties of the Commonwealth are required to maintain their paupers. Counties may also install workhouses and appoint keepers thereof. Section 4867, Ky. Stats. 1903. Such workhouses may be established at the seat of the government of the county. While section 4868 provides for the appointment of managers, the language would not necessarily be in conflict with the duties imposed on the jailer by section 3948, Ky. Stats. 1903, if that section should be construed as is contended for by the appellant in this case. Other instances might be cited to the same effect. These illustrations taken from the statutes of the State confirm the construction we herein place upon section 3948, that ''other county buildings'' has reference to buildings of the same kind and class as those specifically mentioned in the section.

While a county may not become indebted by implication of law as private corporations may be, but must have a specific warrant of the law for every obligation they assume (Wortham v. Grayson County, 13 Bush, 53), we think it is necessarily im-

plied in the statute which authorizes the county to acquire property and erect an expensive armory, and the statute which authorizes the fiscal court of the county to appropriate the county funds authorized by law to be appropriated, that the county must maintain the armory building, inasmuch as no other provision is made for its maintenance. The county must also provide a janitor or janitors, and provide for heating and lighting of such building as may be necessary. These powers are incidental and necessary to the execution of the principal power conferred by the statute. The purpose of the statute could not be effectuated otherwise, and it cannot be presumed that the Legislature intended that the counties might erect such buildings and not have the power to maintain them and keep them in fit condition for the use for which they were designed.

We conclude therefore that under the statute of 1904, and under the other statutes quoted above, the fiscal court of the county may take such provision for the maintenance and care of the armory building as may be necessary for its proper use.

Such was the judgment of the chancellor below, and it is affirmed.