## Owen County v. R. J. Walker.

(Decided January 11, 1911.)

### Appeal from Owen Circuit Court.

1. Fiscal Courts—Allowing Claims Against the County—Acts Ministerially.—The Fiscal Court is an auditing body acting ministerially, in allowing claims against the county. When a claim is presented to it, it passes upon the fact whether its consideration has been received on the county's behalf and whether the price charged is that previously agreed on or that allowed by law. That body then determines whether to approve and allow it.

2. Appeals to Circuit Court—Validity of Claim—Pleadings Oral or Written.—The matter of appeal to the Circuit Court from an order allowing a claim in the Fiscal Court is a summary simple method of trying the dispute between the claimant and the county whether the claim is a valid demand, and its just demand against the county. The pleadings may be oral or written and the matter is tried anew in the Circuit Court just as if there had never been any action by the Fiscal Court. The same is true if the county appeals.

3. Fees Allowed—By Whom Paid—Personal Expense of Claimant.—The County Judge is required before entering upon the discharge of his official duties, to execute bond before the Circuit Court Clerk of the county, to be filed in the County Clerk's office and there noted of record. The Sheriff is required to execute various bonds at the beginning and at certain intervals through his term. The revenue bond is required to be recorded in the County Clerk's office. Nowhere is it said that the county shall be liable for the fees for recording or noting any of these bonds. If they are to be charged for, it would seem to be an incident of the qualification of the officials and be a personal expense of their own.

4. County Clerk—Claim for Services Rendered—Remuneration—Ex-officio Services.—There is no provision for the paying of the fees charged or any fee to the County Clerk for copying the names of delinquent tax payers or for recording the County Treasurer's settlement. If he is required to do the work and no remuneration is expressly allowed for it, it is ex-officio, and for such services the statute provides the officer is not to be paid (Sec. 1749 Ky. St.)

5. Fiscal Courts—Speaks by its Records—Limited Powers.—The Fiscal Court speaks only by its records. The absence of a record either ordering the work to be done or agreeing to accept and pay for it after it was done, is conclusive against the claim for the services, however valuable they may have been. It has time and again been declared that a county is but an integral part of the State's political government; that the fiscal court is a body of limited powers; that to bind the county by contract it can do so only in the manner and for the matters expressly allowed by statute.

6. Clerks of County Courts—Allowance Rejected.—There is no provision in the Statute allowing clerks for copying a list of persons having license for use of the jury commissioners, and the court did not err in disallowing these items.

7. Same—Payment by Beneficiary of Service Rendered.—The clerk is not allowed to charge the county a fee of 25 cents or any sum for qualifying election commissioners, and superintendent of schools or recording his bond or for noting nominations for school trustee or for an order for making examination. All of these are to be paid for if paid at all by the persons for whom the services are rendered.

J. G. VALANDINGHAM, J. L. W. SLAUGHTER and VALANDINGHAM & ALEXANDER for appellant.

BOTTS, PERRY & LINDSAY and W. A. LEE for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing on the main appeal and affirming on the cross appeal.

Appellee was county court clerk for Owen county for the term ending the first Monday in January, 1910. At a meeting of the Owen fiscal court in February, 1910 he presented a bill for services rendered the county, as alleged, amounting to $981.75. The fiscal court refused to allow the bill, and entered an order allowing Walker $627.10 in full for the demand. He declined to accept the allowance and prosecuted an appeal to the circuit court. That court adjudged him entitled to recover $640. From that judgment the county has appealed to this court.

The first question arising is the motion of appellee to dismiss the appeal. The motion is rested upon the argument that only the sum of $12.90 is in dispute here, because, as appellant by the action of its fiscal court in allowing $627.10 conceded that much of the account was a valid claim against the county, and as the circuit court has found only $12.90 more to be due, the latter amount only is now in dispute. The fiscal court in an auditing

body, acting ministerially, in allowing claims against the county. When a claim is presented to it, it passes upon the fact whether its consideration has been received on the county's behalf, and whether the price charged is that previously agreed on, or that allowed by law. That body then determines whether to approve the claim, which may be to "allow" it. Notwithstanding that it may be so allowed it is not conclusive upon the county, as would be the unreversed judgment of a court of competent jurisdiction in a suit at law between the parties. It is still open to certain defenses. Among others, the county attorney may prosecute an appeal to the circuit court from an order making the allowance (Sec. 978 Ky. Stats.; Jefferson Co. v. Waters, 111 Ky., 287; Jefferson Co. v. Young, 120 Ky., 456), as may the claimant if dissatisfied with the sum allowed. This matter of appeal to the circuit court is a summary, simple method of trying the dispute between the claimant and county whether his claim is a valid demand, and its just amount, against the county. The pleadings may be oral, or written, it seems, and the matter is tried anew in the circuit court, just as if there had never been any action by the fiscal court. (County of Jefferson v. Young, 102 Ky., 456, 27 Ky. Law Rep., 849.) If it should be held that the fiscal court, if it offers to pay any part of a demand presented to it for allowance, is thereby estopped to question the validity of the entire claim if an appeal should be prosecuted to the circuit court, or any action brought upon the demand, it would be seriously hampered in its ability to adjust claims against the county without law suits. Besides, that would be to hold that the county could not prosecute appeals from such allowances. The sense of the matter seems to us to be that the validity of the demand, as a legal obligation of the county, is to be tested as when it was presented to the fiscal court for action, and without reference to the fiscal court's action. Of course, if its order is acceptable to both parties, and there is no such obstacle to invalidate it, as being in contravention of a statute or of the Constitution—which might be available to any taxpayer for injunctive relief—the matter is at an end. But, if the claimant is dissatisfied and appeals, the whole matter is opened up for investigation by the circuit court as if the fiscal court had not acted (except as the costs may be regulated by the amount recovered on appeal). The

same is true if the county appeals.  The order of allowance in event of appeal by either party is merged in the appeal, and is not then a matter of estoppel.  The amount in dispute on this appeal is the difference between the sum admitted as owing on the account filed (to-wit: $237 confessed as to certain items aggregating that sum) and the amount adjudged, viz., $640.  The motion to dismiss the appeal is overruled.  The matters in controversy on this appeal, on the main appeal are the following items of appellee's account which were allowed by the circuit court:

| | |
|---|---|
| Order Co. Judge Bond, recording on order book (page 3, line 18, in the account) | $1.25 |
| Order recording official bond and recording same (page 3, line 19, in account) | 1.25 |
| Same County Levy Bond (page 3, line 21, in account) | 1.25 |
| Same State Revenue Bond (page 3, line 21 in account) | 1.25 |
| Copying 825 names of delinquent tax payers at 2 cents per name (item 16 on page 11 of the account) | 16.50 |
| Recording Treasurer's settlement (page 11, line 18) | 2.50 |
| Making general index to 7 Mortgage Books (page 11, to line 21) | 126.50 |
| Making general index to 7 Deed Books (page 11, line 22) | 150.00 |
| Indexing and recording 4 marriage Bond Books (page 11, line 23) | 72.00 |
| Five per cent commission collected for county on land sales for taxes (page 11, line 24) | 30.00 |
| Total | $ 402.50 |

The county judge is required, before entering upon the discharge of his official duties to execute bond before the circuit court clerk of the county, to be filed in the county clerk's office, and there noted of record.  (Sec. 1061 Ky. Stats.)  The sheriff is required to execute various bonds, at the beginning and at certain intervals through his term.  (Sec. 1884, 4130 and 4133 Ky. Stats.)  The revenue bond is required to be recorded in the county clerk's office.  (Sec. 4133.)  Nowhere is it said that the county shall be liable for the fees for recording or noting any of these bonds.  If they are to be charged

for, it would seem to be an incident of the qualification of the officials, and be a personal expense of their own. The above covers the first four items of the disputed part of the account.

Whether the clerk copied 825 names of delinquent taxpayers for the county is not shown. Nor is it asserted that the work was done by an order of the fiscal court. Nor is the purpose of it shown. This is also true as to recording the County Treasurer's settlement. Nor is there provision for the paying of the fees charged, or any fee, to the county clerk for such services. If he is required to do the work, and no remuneration is expressly allowed for it, then it is ex-officio, and for such services the statute provides the officer is not to be paid. (Sec. 1749 Ky. Stats.) But the principal contention is over the items for indexing deed books, mortgage books, and marriage bonds. It is said the clerk complied with the statute as to making cross-indexes of all deeds and mortgages. (Sec. 513 Ky. Stats.) The indexes here charged for are vowel indexes, arranged in an elaborate system running consecutively from the organization of the county to the present. It is claimed that the county during a term preceding appellee's, bought the books and other necessary equipment, and employed a former clerk to bring the work down to the close of his term. It is not pretended that the fiscal court employed appellee to continue the work during his term. He merely found the books there, and assumed that it was desired by the county that he continue the work. Consequently he did it, as charged for. He now claims that the fiscal court and the public have accepted the work, and the court has ratified his act in doing it. The fiscal court speaks only by its records. The absence of a record either ordering the work to be done, or agreeing to accept and pay for it after it was done, is conclusive against the claim for the services, however valuable they may have been, and whether or not the public and the fiscal court have used the work, and resort to it daily for information; and irrespective of the fact that by its nature the work must remain in the county clerk's office as the property of the public. It has been time and again declared by this court that a county is but an integral part of the state's political government; that the fiscal court is a body of limited powers; that to bind the county by contract it can do so only in the manner and for the matters expressly allowed by statute. (Floyd Co. v. Allen, 126 S. W. 124;

McDonald vs. Franklin Co., 125 Ky. 105; Fiscal Court Breckinridge Co. v. Hardinsburg, 118 S. W. 298; Jefferson Co. vs. Young, supra; Same vs. Waters, supra.) But it is argued for appellee, that the order of the fiscal court agreeing to pay $637.10 on the total claim presented included some part of the charges for the indexes, and was therefore an acceptance of the work, and an agreement to pay at least that much for it. The order was appealed from, as has already been pointed out, and thenceforth has no validity. It is superseded now by the power and jurisdiction of another tribunal, the circuit court, which decides the question as if that order had not been entered. Furthermore, if appellee had not appealed from the order of allowance, the county attorney might, and if he had the situation would have been the same. The validity of the claim as an enforcible demand against the county, must rest upon other authority than the superseded jurisdiction of the fiscal court in which it attempted to settle the matter, but was unable, owing to disagreement between it and the claimant, to do so.

The fee bill asserts that the clerk collected $630.00 of taxes for the county. There is not evidence in the record that he collected anything of the kind. It is denied by the county assessor. No proof was offered on the subject. There is a stipulation in the record that all the services charged for by appellee were actually rendered, but it is not agreed that they were rendered under a contract with the county, or under an agreement with the fiscal court to pay him therefor.

All the foregoing items the circuit court allowed by the judgment appealed from, and we think that the court was in error in each instance.

Appellee prosecutes a cross-appeal because the circuit court refused to allow him certain items in his bill. These items are quite numerous but may be grouped into classes. One class is a charge for qualifying election commissioners and superintendent of schools, and recording the bond of the latter; and for noting nominations of candidates for school trustees. Another class relates to tax collections. A great many exonerations were made by the county court. In each instance an order of the court was required. The clerk charged the fee of 25 cents for entering the order and 25 cents for each copy—two copies were made when land was exonerated because assessed erroneously, one being for the auditor of state and the other for county commissioner

in settling with the sheriff. The authority for making these charges is in these lines of Sec. 1720 Ky. Stats. regulating fees: ''For each order in the county court, 25 cents; for each copy thereof when ordered, 25 cents.'' The statute does not say who shall pay these fees. But presumably it was intended that whoever got the benefit of the work, had it done, was to pay. Certainly there is no intendment that the county shall pay for each order the county court may enter in any kind of matter before it when no one else will offer to pay. The beneficiary of these orders was the person exonerated. The copies were for his benefit, or for the sheriff's, for use in the latter's settlements. So, with the filing of certificates of public officials. All these are to be paid for, if at all, by the persons for whom the services are rendered. There is no provision for fees for filing the nominating certificates, and none that the county shall pay any of the items named.

The sheriff sold certain lands for taxes. They were bought in by the county and State. The clerk made a cross index of the sales—for that he charged fifty cents each. The costs of all officials in the sales is taxed against the taxpayer and the land. When the land is redeemed, or sold, then the costs are collected and paid to the persons entitled to them.

The clerk made a list of persons having licenses in the county, for use of the jury commissioners it is said. He charged $5.70 for that service. There is no provision of the statute for such service or charge.

The court did not err in disallowing these items. Wherefore the judgment is reversed on the main appeal, but affirmed on the cross-appeal.