## Greene, Auditor v. Smither.

### Same v. Finley.

(Decided January 22, 1918).

## Appeals from Franklin Circuit Court.

1. Statutes—Contemporaneous Construction.—Where contemporaneous construction of a statute by administrative officers and circuit courts is not uniform, it is without weight in the construction of an ambiguous statute.

2. Statutes—Contemporaneous Construction.—Only in the event of ambiguity of a statute may resort be had to the rule of contemporaneous construction by administrative officers.

3. States—Claims—Circuit Clerks—Statutes.—Under section 355, Kentucky Statutes, allowing claims to be paid out of the State treasury for excusing jurors, circuit clerks cannot charge for excusing persons summoned, but not accepted for jury service, upon special venire, because (1) the term "juror" having a dual meaning, the legislature never intended that meaning which would result in an inequitable allowance to clerks, and (2) because it is neither necessary nor usual to enter an order excusing jurors who have never been accepted and sworn as such.

4. Statutes—Words and Phrases—Juror.—The term "juror" as used in section 355, Kentucky Statutes, has reference only to such jurors as are actually accepted and sworn.

5. **Overruled Cases.**—Auditor of Public Accounts v. Cain, 22 Ky. L. R., 1888, is overruled.

CHARLES H. MORRIS, Attorney General, and JOHN C. DUFFY for appellant.

LESLIE W. MORRIS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing in each case.

The sole question presented by these two appeals is, whether or not a clerk of the circuit court, under section 355, Kentucky. Statutes, is entitled to charge and be paid out of the state treasury, twenty-five cents for excusing each person summoned, but not accepted for jury service, upon a special venire ordered by the court.

The section of the statutes referred to provides that circuit clerks shall receive for an "order excusing juror, for each juror excused, except regular panel, twenty-five cents." It is the claim of appellees that, under the authority of Auditor of Public Accounts v. Cain, 22 Ky. L. R. 1888, they are entitled to charge twenty-five cents for each person excused, who is summoned for jury service, whether he is or not accepted and sworn as a juror, except members of the regular panel. It was held in that case that circuit clerks were entitled to charge a fee of twenty-five cents for each person summoned and excused, regardless of whether he was accepted and sworn as a juror; but the question presented there, so far as we are able to determine from an examination of the record in that case seems to refer only to such persons as were summoned for service upon the regular panel, although the language employed would seem applicable to those persons who were summoned upon a special venire as well. As that case was rested solely upon a contemporaneous construction, which seems to have been applied only to those who were summoned for service on a regular panel, the construction therein adopted, if followed at all, ought to be so confined and ought not to be extended and made to apply to those summoned but not accepted upon a special venire, especially since in appellant's answer in these two cases, he pleaded that, under a contemporaneous construction of many years' standing, the statute had never been applied to, nor the fees allowed for, summoning persons for jury service upon a special venire who were neither accepted nor sworn; and this allegation of

contemporaneous construction with reference to the fees involved here was not denied by appellees. So that, if the statute is to be construed here as it has been construed by executive officers and the circuit courts, as appears from the Cain case and the pleadings in the instant cases, the word "jurors" would mean in this statute with reference to persons summoned for the regular panel one thing while for persons summoned upon a special venire it would have quite another meaning, which is wholly illogical as a construction of the statute and proves the contemporaneous constructions have not been uniform, and this fact renders valueless such contemporaneous constructions.

But, aside from the contemporaneous construction of the statute, pleaded by appellant and admitted by appellees, it is quite clear that the legislature never intended to authorize the payment of the fees claimed by appellees here. While the term "juror" is often used to mean "one who is summoned but not accepted for jury service," that is not its only or ordinary meaning, and we feel quite sure that the legislatlure, in the enactment of this particular statute, intended that the term should apply only to persons, other than members of the regular jury panel, who were accepted and sworn. That the term "juror" has a dual meaning is recognized by Bouvier and is exemplified in its use in different sections of our statutes and code, in some of which it refers to a person, summoned, accepted, and sworn as a juror, and in others it is applied to a person, selected and summoned according to law to serve in that capacity, whether he is or not accepted and sworn; but it does not follow that, in the particular statute under consideration, its meaning is ambiguous, in which event only may resort be had to its contemporaneous construction by administrative officers. Bosworth v. Marshall, 165 Ky. 32; Greene v. Gilbert, 168 Ky. 380; Greene v. Weller & Sons, 176 Ky. 129.

That the legislature did not intend that the term "juror," as used in this particular statute, should apply to a person summoned for jury service according to law but not accepted and sworn to act in that capacity, is made clear by the very claims which appellees are attempting to enforce thereunder in these cases, because such construction would result in the allowance to appellee, Smither, of a fee of $187.50 for a single order

which he could easily enter in a few hours, at most, while the fee-bill presented by appellee, Finley, although not so large, is equally out of proportion for the services rendered; moreover, it is not necessary, nor is it usual, to enter an order excusing a "juror" who has never been accepted or sworn as such.

Being of opinion that the term "juror," as used in the statute under consideration, is not ambiguous but clearly has reference only to such jurors as are actually accepted and sworn, it results that a contemporaneous construction can not be resorted to in construing the statute; and that the opinion in the case of Auditor of Public Accounts v. Cain, *supra,* was not authorized, and it is therefore overruled.

Wherefore, the judgment in each case ordering the auditor to certify appellees' claims for payment is reversed, with directions to dismiss the petitions.

The whole court sitting.