## Grinstead, et al. v. Carter, Coroner of of Jefferson County.

(Decided June 21, 1918.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Coroners—Expense of Inquests and Autopsies—Counties—Cities of Over Thirty Thousand Inhabitants—Liability—Construction of Statutes.—Sections 532, 1739 and 537a, Kentucky Statutes, regulating the fees of coroners and prescribing how the expense of making post-mortem examinations and chemical analyses shall be paid, construed and held that the expense of making post-mortem examinations and chemical analyses whether of buried or unburied bodies, as well as the expense of holding inquests on buried bodies, is payable by the county, but that the expense of holding inquests on unburied bodies found in cities of over thirty thousand, is payable by the city.

2. Coroners—Autopsies—Fees.—Since the fees of a coroner are fixed by statute, the coroner under sections 532, and 537a, Kentucky Statutes, authorizing him to employ a competent physician to make a post-mortem examination and authorizing the county to pay the physician so employed a reasonable compensation for his services, can not employ himself to perform such services and thus collect the fee therefor in addition to those allowed him by law.

J. MATT CHILTON for appellants.

CHESLEY H. SEARCY and J. S. LUSCHER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The principal question on this appeal is whether the expense of inquests and post-mortem examinations held on bodies found in the city of Louisville, is payable by the city or the county.

The question arises in the following way: Dr. Roy L. Carter presented a claim of $742.00 against the county of Jefferson for inquests and autopsies held in Louis-

ville, a city containing over thirty thousand inhabitants. His claim, was rejected by the commissioners and county judge constituting the fiscal court of Jefferson county. On appeal to the circuit court the county was held liable, and to reverse that judgment this appeal is prosecuted.

Section 532, Kentucky Statutes, which is sec. 6, of "An Act Concerning the Office of Coroner," approved December 3rd, 1892, Acts 1891-2-3, chapter 106, page 369, is as follows:

"When, in the opinion of the coroner, it shall be necessary to have a post-mortem examination of a dead person during an inquest, he may employ a competent surgeon or physician for that purpose; and when he has reasonable grounds to believe that death has been produced by poison, may employ a competent chemist to analyze the stomach of the dead person. The fiscal court of the county in which the body is found shall pay to any physician, surgeon or chemist employed a reasonable compensation for their services. All the expenses of an inquest held in a city of over thirty thousand inhabitants shall be paid by such city."

Section 1739, Kentucky Statutes, which is sec. 16 "of an Act Relating to Fees," approved June 15, 1893, Acts 1891-2-3, chap. 226, page 1131, is in part as follows:

"Coroners shall be allowed to charge and receive the following fees:

"For holding an inquest on a dead body, and burying the deceased, to be paid out of the estate of the deceased, if sufficient; if not, out of the county levy . . . $6.00. For all other services, they shall be allowed the same fees allowed to sheriffs and constables for similar services."

In the year 1912, the General Assembly passed an act entitled, "An Act to authorize the investigation and exhumation of any body whose death resulted from suspected poisoning, or other illegal cause unknown, and the employment of competent medical assistance in determining the same." Acts 1912, chap. 63, page 217. Said act is now sec. 537a, Kentucky Statutes, and is as follows:

"That it is hereby made the duty of any coroner, county judge, or justice of the peace, upon the receipt of an affidavit from any person or persons stating that they believe and have reasonable grounds to believe that any person who is dead and buried, died from poisoning,

or other illegal cause unknown, to have the body of said dead person exhumed, and have the proper chemical or other examination made of said body in order to determine the cause of death.

"When, in the opinion of the officer holding the inquest, it shall be necessary to have a post-mortem examination of the body of said dead person made during said inquest, he shall employ a competent surgeon or physician for that purpose, and if said officer suspects poisoning he shall employ a competent chemist to analyze the body, or any part thereof.

"It shall be the duty of said officer and his employees, immediately after said inquest proceedings have been held and concluded, to make out, sign and file, in the office of the county court clerk of the county in which such investigation was begun, a written and sworn report embracing concisely and fully their findings. The surgeon or physicians so employed and the chemist shall each be allowed for their services a reasonable fee, to be fixed by the fiscal court and paid out of the county levy, and upon their failure to file their report as herein specified, they shall be deemed guilty of a misdemeanor, and upon conviction be fined in any sum not less than one hundred nor more than five hundred dollars, and the officer so directing and conducting said investigation, or inquest shall, in like manner, receive per diem, as compensation for his services, the maximum fee prescribed by law for services required of and rendered by him by virtue of the office he holds, and should he fail to file his report as herein specified, he shall be subject, upon conviction, to the maximum penalties prescribed by law for failure to perform the duties of his office.

"All acts and parts of acts in conflict herewith are hereby repealed."

Construing sections 1739 and 532, *supra,* together, the circuit court was of the opinion that the expense of making post-mortem examinations and chemical analyses was in all cases payable by the county, but that where the body of the deceased was found in a city of over thirty thousand inhabitants and his estate was not sufficient, the inquest fee of $6.00 allowed the coroner, was payable by such city. In view, however, of the fact that section 537a, a later statute, made the expense of post-mortem examinations and chemical analyses payable out of the county levy, and further provided that "the offi-

cer so directing and conducting said investigation or inquest shall, in like manner, receive per diem, as compensation for his services, the maximum fee prescribed by law for services required of and rendered by him by virtue of the office he holds," the circuit court concluded that the necessary effect of the statute was to repeal that portion of section 532, *supra,* providing that "all the expense of an inquest held in a city of over thirty thousand inhabitants shall be paid by such city." In our opinion the proper construction was given sections 1739 and 532, *supra,* but we are unable to agree with the conclusion that the provision of section 532, *supra,* requiring the expense of inquests held in a city of over thirty thousand inhabitants to be borne by such city, was repealed by section 537a, *supra.* Section 532, *supra,* deals only with ordinary inquests and autopsies held on the bodies of persons that have not been buried. Neither the title of section 537a, *supra,* nor the body of the act purports to deal with such inquests and autopsies. On the contrary, the purpose of the latter act, as shown by its title and the language of the act itself, was to provide for post-mortem examinations and chemical analyses of bodies that had been buried. Incidentally the act further provided that "the officer so directing and conducting the said investigation or inquest shall, in like manner, receive per diem, as compensation for his services, the maximum fee prescribed by law for services required of and rendered by him by virtue of the office he holds," thus clearly showing that the inquest for which the officer was to be compensated "in like manner," was the inquest over bodies that had been exhumed as provided in the first part of the act.

Since section 532, *supra,* deals only with inquests on unburied bodies and section 537a, *supra,* deals only with inquests on bodies that have been buried, it is clear that there is no inconsistency between the two acts, and that the provision of section 537a, *supra,* making the county liable for inquests held on unburied bodies, did not have the effect of repealing that portion of section 532, *supra,* providing that "all the expense of an inquest held in a city of over thirty thousand inhabitants shall be paid by such city." We, therefore, conclude that the expense of making post-mortem examinations and chemical analyses, whether of buried or unburied bodies, as well as the expense of holding inquests on buried bodies, is payable

by the county, but that the expense of holding inquests on unburied bodies found in cities of over thirty thousand inhabitants, is payable by the city. It follows that the judgment in so far as it makes the county liable for inquests held on bodies found in the city of Louisville, is erroneous.

Included in the bill of the coroner are certain claims for autopsies which he himself performed. These claims were allowed by the circuit court on the theory that authority to employ a competent physician to make a post-mortem examination gave to the coroner himself, if a physician, the right to perform the service and collect the fee authorized to be paid to such physician. Subsection 1, sec. 1749, Kentucky Statutes, provides:

"No officer shall demand or receive for his services any other or greater fee than is allowed by law, or any fee for services rendered when the law has not fixed on a compensation therefor; nor any fee for services not actually rendered."

Construing this section it has been repeatedly held that no officer can demand or receive any fee for services unless the law has fixed compensation therefor. Morgantown Bank v. Johnson, 108 Ky. 507, 22 Ky. Law Rep. 210, 56 S. W. 825; Suter v. Stone, 108 Ky. 518, 22 Ky. Law Rep. 224, 56 S. W. 971; Mitchell v. Henry Co., 124 Ky. 823, 30 Ky. Law Rep. 1051, 100 S. W. 220; Young v. Jefferson Co., 30 Ky. Law Rep. 1209, 100 S. W. 335; Fiscal Court v. Pflanz, 127 Ky. 8, 31 Ky. Law Rep. 1242, 104 S. W. 1002; Owen Co. v. Walker, 141 Ky. 516, 133 S. W. 236; and see Elliott v. Commonwealth, 144 Ky. 334, 138 S. W. 300; Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662. The only fees allowed the coroner are $6.00 for holding an inquest and burying the body of the deceased, and for all other services, the same fees allowed sheriffs and constables for similar services. Sec. 1739, Kentucky Statutes, *supra*. The above statute contains no provision authorizing the payment of a fee to the coroner for holding a post-mortem examination. Sections 532 and 537a, *supra*, merely confer on the coroner authority to employ a competent physician to make a post-mortem examination and on the county the authority to pay the physician so employed a reasonable compensation. While the legislature might have authorized the performance of this service by the coroner, if he happened to be a physician, it failed to do so, and in the absence of such

a provision in the statute, a coroner under an authority to employ another, can not employ himself and thus collect fees in addition to those allowed by law. It, therefore, follows that the claim for holding autopsies should have been disallowed.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.