## McNally, Asst. Co. Atty. of Jefferson County, v. Grauman, Co. Atty. of Jefferson County.

(Decided June 22, 1934.)

HARDIN W. HERR and WILSON W. WYATT for appellant.

LAWRENCE S. GRAUMAN and STUART E. LAMPE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming in part and reversing in part.

As county attorney of Jefferson county, Lawrence S. Grauman brought this action against William T. McNally, assistant county attorney of the same county, under section 639a-1, Civil Code of Practice, for a declaration of his rights respecting the percentage of fines in prosecutions in the justices' courts and the quarterly

court of Jefferson county, especially when the judgment recovered is less than $25, exclusive of costs, in which. an attorney's fee of $5 is taxed as cost against the defendant under section 133a-1, Kentucky Statutes.

McNally defended, asserting, under sections 136a-1 to section 136a-4, inclusive, the fees and percentages of fines and forfeitures authorized by section 133a-1, Kentucky Statutes, belong and are payable to the assistant county attorney, where the county attorney is absent and does not participate in the prosecution; or that if they do not belong and should not be paid to him, "then in no event can they be taxed as costs in such action, claimed from the State Auditor or payable to any officer whatsoever."

The circuit court decreed:

"1. When the Assistant County Attorney is present and prosecuting he is doing so in the name and under the direction of and for the County Attorney so that the law which gives to the County Attorney certain fees, if prseent, is thereby complied with. Therefore, the County Attorney is entitled to have taxed for his use and benefit the fees as provided by law and to receive the per centum of fines as provided by law.

"2. When the County Attorney is absent from the County, [on business other than that required of him as County Attorney]; sick or related to the accused so that he is not controlling and directing his Assistant, no fees will be taxed and the County Attorney is not entitled to any part of the per centum of such fines when collected

"3. The salary fixed by the Fiscal Court at $2,000.00 a year, as compensation for the Assistant County Attorney, is all the compensation the Assistant County Attorney can legally demand or receive.

"4. When the County Attorney is within his territorial jurisdiction; is not disqualified by reason of sickness or relationship to the accused; he is supposed to have charge of all of the Commonwealth's business assigned to the County Attorney and the Assistant is acting under the County Attorney, so that what the Assistant does under those circumstances is presumed to be done by the County Attorney.

"5. When the County Attorney is disqualified as hereinbefore stated, the Assistant County Attorney becomes the County Attorney, and, as provided by the Acts of 1906, the salary fixed by the Fiscal Court is in full of all of his compensation, so that no fees can be taxed for the benefit of the County Attorney, neither will the County Attorney be entitled to the per centum on fines in these cases."

Section 133a-1 provides:

"In all prosecutions before any county judge or magistrate * * * if the judgment be for twenty-five dollars [$25.00] or less, exclusive of costs, the county attorney shall receive a fee of five dollars [$5.00], which shall be taxed as cost and belong to him";

and he shall receive 40 per cent. of judgments for fines and forfeitures in excess of $25 when recovered and paid into the treasury.

Section 136a-2 authorizes the county attorney to appoint an assistant county attorney for a term of four years, who shall be subject to removal at any time by the county attorney. This section also imposes upon the fiscal court of the county the duty to fix a salary of the assistant county attorney at "not less than one thousand five hundred dollars [$1,500.00] nor more than two thousand dollars [$2,000.00] per annum, payable out of the county levy in equal monthly installments."

Section 136a-3 prescribes the qualifications of the assistant county attorney and provides he "shall have the same powers and perform the same duty that county attorneys now have and perform, except that in case of a disagreement between the county attorney and the assistant county attorney, the county attorney shall control."

Section 136a-4 directs that "in the absence of the county attorney, the assistant county attorney shall act as county attorney without additional compensation."

The assistant county attorney, not disputing the language of these sections, insists that in addition to the salary fixed by the fiscal court, under section 136a-2, he is entitled to the fees and percentage of the fines and forfeitures in the prosecutions in the justices' courts and the quarterly court which he attends when the county attorney is not present, or if he is not entitled to

them in addition to the above salary when he prosecutes and the county attorney is absent for any cause, then the fees should not be taxed at all against the convicted defendants nor the percentages claimed by any one from the auditor.

The premise upon which he predicates this contention is:

"Twenty-seven [27] years' practical and contemporaneous construction of the sections of the statutes involved herein [a] by those who first had the duty of administering and interpreting the acts, [b] by their successors in office, [c] by all of the officers of the Commonwealth of Kentucky, and of the county of Jefferson having duties to perform in connection with the offices of county attorney and assistant county attorney, [d] by the people of the Commonwealth, [e] by the non-action of the legislature of the Commonwealth of Kentucky over the same period of time and by [f] the 1934 General Assembly's enacting a statute [Acts 1934, c. 4] creating the office of second assistant county attorney in language identical with that of the Act of 1906, are an authoritative and conclusive contemporaneous construction and exposition of the statutes involved by all the persons concerned therewith."

Obviously, the "contemporaneous construction" argument of the assistant county attorney is based upon the fact that continuously since the enactment in 1906 of section 136a-2, the justices of the peace, the judge of the quarterly court, the county attorney, and the assistant county attorney, have suffered and permitted the latter to receive and retain the $5 tax as attorney's fee, etc., collected and paid in criminal prosecutions tried in these courts.

The argument overlooks the rule that the doctrine of contemporaneous construction cannot be invoked to override a fixed legislative purpose, clearly and succinctly expressed in plain and unambiguous words. Commonwealth v. Ross, 135 Ky. 315, 122 S. W. 161.

To properly dispose of the decisive question here presented, sections 136a-1 and 136a-4, inclusive, must be read and construed with subsection 1 of section 1749, Kentucky Statutes, which reads:

"No officer shall demand or receive for his services any other or greater fee than is allowed by law, or

any fee for services rendered when the law has not fixed on a compensation therefor; nor any fee for services not actually rendered.''

Section 1749 has been before this court for construction in many cases in which we have uniformly held no officer can demand or receive for his official services any compensation, salary, or fee, greater or in excess of that fixed by law; nor can he receive any compensation, whether denominated fees or salary for his official services unless the law has fixed the same. Morgantown Bank v. Johnson, 108 Ky. 507, 56 S. W. 825, 22 Ky. Law Rep. 210; Suter v. Stone, 108 Ky. 518, 56 S. W. 971, 22 Ky. Law Rep. 224; Mitchell v. Henry County, 124 Ky. 833, 100 S. W. 220, 30 Ky. Law Rep. 1051; Young v. Jefferson County, 100 S. W. 335, 30 Ky. Law Rep. 1209; Fiscal Court v. Pflanz, 127 Ky. 8, 104 S. W. 1002, 31 Ky. Law Rep. 1242; Owen County v. Walker, 141 Ky. 516, 133 S. W. 236.

In Harlan County v. Blair et al., 243 Ky. 777, 49 S. W. (2d) 1028, the rule was last reiterated by this court, forbidding an officer to demand or receive compensation for services, which the law had not expressly fixed therefor.

It is a familiar rule that the doctrine of ''contemporaneous construction,'' upon which the assistant county attorney so confidently relies, may be resorted to by the courts only when the statute is ambiguous or uncertain. It has no application where a contemporaneous construction conflicts with a plain and unambiguous statute. Barker v. Crum, 177 Ky. 637, 198 S. W. 211, L. R. A. 1918F, 673; Green v. Smither, 178 Ky. 742, 202 S. W. 485.

Unless a statute is ambiguous and uncertain in its terms, and it is really difficult to ascertain its true meaning, an erroneous interpretation by administrative officials for a term of years will not be adopted. Gilbert v. Greene, 185 Ky. 817, 216 S. W. 105; Sewell v. Bennett, 187 Ky. 626, 220 S. W. 517; Combs v. State Bd. of Education, 249 Ky. 320, 60 S. W. (2d) 957.

A casual glance at the sections of the statutes under review is convincing there is not a semblance of ambiguity or doubt of the intendment and meaning of the plain and simple words used therein. No rules of construction are needed to arrive at their meaning.

The disregard of plain and unambiguous statutes,

by the mutual mistake or otherwise, of the justices of the peace, the judge of the quarterly court, the county attorney, and the assistant county attorney for a series of years does not warrant a continuation of their actions in this respect. Maysville Water Co. v. Stockton, 221 Ky. 610, 299 S. W. 582.

If it were possible for a doubt of their meaning to exist, the doubt would be of course resolved in the light of its administration by the officials upon whom the duty under the law rested to administer them. Coleman v. Greene, 239 Ky. 680, 40 S. W. (2d) 283.

The word "salary" as it is used in section 136a-2 does not mean "profit" or "salvage." It means the remuneration or recompense fixed by statute for the services of every character and kind performed by the official while he remains in office. Indeed, after the fiscal court fixed the salary of the assistant county attorney in accordance with section 136a-2, subsection 1 of section 1749 forbids him receiving any other or further remuneration or recompense for his services during his term of office.

Section 133a-1 allows the per centum of the fines and forfeitures and the $5 tax attorney's fee as therein authorized to the county attorney, and they should be paid to him when collected, if he is present in person and participates in the prosecution. And by section 136a-1 et seq., if the assistant county attorney is present and engages in the prosecution, they should be paid when collected to the county attorney. They "belong to him," the county attorney.

The purpose of the statutes was to furnish the commonwealth an attorney in all criminal prosecutions in the justices' courts and the quarterly court. The appointment of an assistant county attorney and the payment to him by the fiscal court a salary out of funds necessarily levied and collected under the tax laws was to fulfill the purpose of the law to have present in all criminal prosecutions in these courts an attorney to represent the commonwealth. No statute providing otherwise, when the assistant county attorney is in attendance and participates in the prosecution in these courts and the county attorney is absent, that is, not at the trial, for any reason whatsoever, the per centum of the fines and forfeitures and the attorney fee of $5 taxed as costs against the convicted defendant, in every case, be-

long to the county attorney for the purpose of augment-ing his annual salary, not to exceed $5,000.

Section 131 authorizes the appointment of a county attorney pro tem. in the circumstances set forth in this section. It must be construed with section 136a-1, and, when so construed, they clearly mean that when both the county attorney and the assistant county attorney are absent, sick, or akin to the defendant or unable to at-tend the prosecution for any cause, a suitable attorney, if the prosecution is one described in section 131, may be appointed to represent the commonwealth and al-lowed a reasonable compensation for his services as therein provided.

It should be apparent that it is our view the finding of the law by the trial court is in harmony herewith ex-cept in so far as he decreed that:

"When the county attorney is absent from the county, [on business other than required of him as county attorney]; sick, or related to the accused, so that he is not controlling or directing his assistant, no fees will be taxed and the county attorney is not entitled to any part of the per centum of such fines when collected."

We do not concur to this extent in his finding of the law.

The judgment is affirmed, except that portion of it which declares if the county attorney is absent from the county (on business other than that required of him as county attorney), sick, or related to the accused and not controlling and directing his assistant, no fee will be taxed, and the county attorney not entitled to any part of per centum of fines and forfeitures collected, and, as to this finding, it is reversed for proceedings consistent herewith.