JUDGE PETERS
delivered the opinion of the court.
Appellee, plaintiff below, brought this action against appellant, alleging that he was engaged by appellant in 1868 as his *605 agent to bny corn for him, and was to receive as compensation for his services three cents per bushel for all the corn he could pui'chase for him; that under said employment he purchased large quantities of corn, and caused the same to be delivered to appellant, for which they settled, and appellant paid him according to the contract price; that after those purchases he bought, in the month of August, 1868, another lot of twenty-seven hundred bushels of corn, as agent of appellant, on the the same commission as before agreed on of three cents per bushel, and caused said corn to be delivered to him. The compensation or commission on that purchase, at the price agreed on, amounted to the sum of eighty-one dollars. And alleges that appellant has not paid him said sum of money, nor any part thereof; and prays judgment for the same.
In his answer appellant denies that he owes appellee anything as his agent for purchasing corn, or on any other account ; that he had fully paid appellee for all corn he ever purchased for him; and for all services ever performed by appellee for him .he settled with him, paid him, and took his receipt in full of all demands against him. Said receipt is filed as part of the answer, bearing date of September 3, 1868, and acknowledges the payment by appellant on that day of $493.52, balance due on “final settlement.”
After the answer was filed, appellee filed by permission of the court what he styles an amended petition, in which he admits he executed the receipt, but avers that it was intended to apply to and only embraced the corn that he had purchased and had then actually delivered, but did not include his commission for corn purchased by him and which had not then been delivered; that for the twenty-seven hundred bushels of corn purchased and not then delivered nothing was in fact paid, and his commission for purchasing that lot of corn was expressly excepted from the operation of said receipt at the time it was given; that the twenty-seven hundred bushels *606 of corn were not at its date delivered, and the commission therefor not due, and that the receipt was drawn in the way it reads for the fraudulent purpose of avoiding the payment of the commission on said purchase of corn last named.
To this amended petition no special answer was made, and on the trial appellee declined to offer any evidence. Whereupon appellant moved the court to instruct the jury as in cáse of a non-suit. This motion the court overruled, and appellant excepted, and then introduced a witness who proved that he was the individual named in the receipt filed by appellant; that he paid appellee $493.52, the sum named in said receipt, on a final settlement between plaintiff and defendant to that date; and then offered to prove (as is stated in the bill of exceptions) that said payment embraced all the commissions due from defendant to plaintiff for corn purchased before and up to, including the 3d of September, 1868, and that the twenty-seven hundred bushels of corn, for the purchase of which the commission is sued for in this action, were neither purchased nor delivered after the date of said receipt, and that no commissions whatever were due for corn purchased or delivered after the date of said receipt; but the evidence was objected to, and the court refused to admit it. To which ruling of the court appellant excepted.
No other evidence was offered, and on motion of appellee the court instructed the jury that the following facts, alleged in the original and amended petitions, were not controverted in the answer, and must be taken as true:
1. That plaintiff, J. L. Williamson, was the agent of the defendant Robinson for the purchase of the corn, and by the terms of such agency was to receive as commission three cents per bushel for all the corn he should purchase on account of the defendant during such agency.
2. That plaintiff purchased twenty-seven hundred bushels of corn on account of defendant in the month of August, 1868, *607 during his agency, and caused the same to be delivered to the defendant after the 3d of September, 1868, and the same was received and appropriated by defendant, and he has not paid plaintiff three cents per bushel, his commission on said purchase, making eighty-one dollars.
3. At the time of giving the receipt filed by plaintiff, dated the 3d of September, 1868, the lot of corn (two thousand and seven hundred bushels), the subject of this suit, had been purchased on defendant’s account, and that the same was expressly excepted from the provisions of said receipt at the time said receipt was given; and said lot of corn (two thousand and seven hundred bushels) was delivered thereafter to defendant and received and appropriated to the use and benefit of defendant; and said defendant has not paid him his commission on the same.
To these instructions appellant excepted; and he then asked the court to instruct the jury that if they believe from the evidence that there was a settlement between the plaintiff and defendant, as shown by the receipt of September 3, 1868, and that said receipt embraced all transactions between the parties for which plaintiff could charge defendant commission for the purchase of corn, they must find for defendant; which was refused, and appellant excepted to the ruling of the court in refusing said instruction.
A verdict was rendered for appellee for the sum claimed and a judgment entered in conformity thereto, from which this appeal is prosecuted.
The answer controverted any indebtedness on the part of appellant to appellee as his agent for purchasing corn, or on any other account whatever; alleged that they made a final settlement on the 3d of September, 1868, when.he paid appellee every cent he owed him, and took his receipt in full, which is filed; and then denies that plaintiff after that date ever made any purchase of corn, or rendered any service to or *608 did any act for him by which he became indebted to appellee in any sum whatever.
The receipt is certainly prima facie evidence of a final settlement of all demands to date, and the allegation in the amended petition that it was obtained by fraud was not necessary. The law, upon filing of the answer, traversed every material fact pleaded, and appellee could have shown by evidence that the receipt was fraudulently procured to be written by appellant, or fraudulently made to embrace a just demand not then settled or paid, without the amended petition ; and the .amendment did not dispense with that evidence. The answer to .the original petition denied that anything was due from appellant to appellee on any account whatever, or for any services rendered for him before or after the date of said receipt, which denial applied as well to the amended as to the original petition. Indeed the amended petition, although so named, is in the nature of a reply. It would have been unusual if not extraordinary pleading if appellee had in his original petition set out his cause of action, and then gone on to allege that appellant had his receipt purporting on its face to be in full of all demands to date, and that it was subsequent in date to the creation of the debt sued on, but that it was so written by appellant with the fraudulent design to avoid the payment of the demand sued on; and if it would not be necessary in an original petition, it could not be so in an amended one.
The averment in the original petition that the debt was owing, with a statement of the facts showing how it was created, was sufficient. The denial of the answer that anything was owing, and the allegation that payment had been made in full of all demands, made an issue. The receipt filed constituted no part of the pleading. It was only prima facie evidence of payment; and if obtained by fraud appellee could prove the facts under the issue without controverting its genuineness by *609 an amended pleading. The onus was thrown on' him by the receipt, he having failed to deny the execution of it; and he could not escape it by an amendment in the nature of a reply.
We therefore conclude that the court below erred in overruling appellant’s motion to instruct the jury as in case of a non-suit.
Wherefore the judgment is reversed, and the cause remanded with directions for a new trial, and for further proceedings not inconsistent with this opinion.