Adkisson v. Dent, &c.

CASE 96—PETITION EQUITY—MAY 25.

# Adkisson v. Dent, &c.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1 FINAL ORDER.—An order confirming the report of a commissioner appointed to audit accounts is not final, and may be disregarded by the court when it comes to render final judgment, although at a subsequent term.

2. A SURVIVING PARTNER, who, in winding up the partnership business, retained large sums of money in his hands for considerable lengths of time, when he should have paid them out to stop interest, was properly charged with interest thereon.

FAIRLEIGH & STRAUS AND MORRIS ESKRIDGE FOR APPELLANT.

1. The order confirming the report of the final settlement of the accounts of the surviving partner was a final order, and the court had no power over it after the expiration of the term at which it was rendered. (Freeman on Judgments, 2d Ed., sec. 12; Bondurant v. Apperson, 4 Dana, 30; Beatty v. Beatty, 10 Ky. Law Rep., 72.)

2. In general the surviving partner is not entitled to compensation for winding up the partnership business, but if, from the contract of co-

partnership itself, or from the acts of the deceased partner's represent-
atives, a contract for compensation can be inferred, compensation will
not be withheld. (Hite v. Hite, 1 B. M., 179.) And as the facts of
this case were sufficient to authorize the inference that there was such
a contract, the court erred in withholding compensation.

3. The court erred in adjudging that the surviving partner should pay
interest on the amounts collected by him from the time he received
them. (Hitt, &c., v. Hitt, &c., 1 B. M., pp. 78, 80; Bowling v.
Dobyns, 5 Dana, 434; Taylor v. Young's Adm'r, 2 Bush, 432.)

GEO. W. STONE and A. B. MONTGOMERY for appellees

1. As appellant often had several thousand dollars of the assets of the
estate in his hands for years at a time, which it was his duty to have
paid out and extinguished an interest-bearing debt, he was properly
charged with interest.

2. An order confirming the report of a commissioner in such cases as this
is not a final order such as may be appealed from, and is always sub-
ject to the further order of the court so long as the subject matter of
the action remains before the court for its final determination.
(Shiddell v. Messick, 4 B. M., 158; Slaughter's Adm'r v. Slaughter's
Heirs, 8 B. M., 483; Storms v. Storms, 3 Bush, 79; Campbell v.
Weakly, 7 B. M., 24.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In 1884 the appellant, John Dent, and Thomas F.
Board formed a partnership, under the firm name of
Adkisson, Dent & Co., for the purpose of carrying on a
general business at Clifton Mill, Breckinridge county,
Ky., such as dealing in real estate, merchandising, mill-
ing, farming and dealing in leaf tobacco. Not long
thereafter S. R. Adkisson was admitted into the firm.
Some years thereafter the partnership was dissolved by
the death of Thomas F. Board, and the appellant and
John Dent formed a new partnership, under the firm
name of Adkisson & Dent, and continued in the same
business, and, as such firm, proceeded to wind up the
business of the old firm. Within about twenty months
after the formation of the new firm John Dent died, and

the appellant as surviving partner, subsequently, also, as administrator of John Dent, proceeded to wind up the business of both firms. From the judgment in this action in equity, to settle the partnership business, etc., the appellant has appealed to this court.

There were several reports of commissioners filed, purporting to audit the accounts of said firm. One of them submitted the state of accounts on the basis of charging interest on the amount that came into the hands of the appellant, and allowing him interest on the sums that he had paid out, etc.; the other basis left out the matter of interest. The Chancellor selected the non-interest basis, and confirmed the report. The report upon the non-interest basis brought the heirs of John Dent out in debt to the appellant. The appellant contends that this report, after the term at which it was confirmed, was final.

The court's commissioner, in a case like this, auditing and reporting the state of the accounts between the parties, acts clerically for the court, in order that the court, upon the final hearing, may render judgment advisedly. The court, when there are no reasons shown to the contrary, may, in advance of the final judgment, confirm the report, but this is upon the idea that as the parties interested have filed no exceptions suggesting inaccuracies, the report is probably correct. But the report possesses no elements of a judgment, and its confirmation does not impart to it the properties of a judgment. The confirmation is merely the suggestion, for the time being, that the tabulated statement as to the condition of the accounts, and the basis on which it is

made, is probably correct; but the court thereafter, upon final hearing, must pass upon the correctness of the report and render a final judgment. The final judgment of the Chancellor, in such case, is not merely clerical; it is the result of the exercise of the Chancellor's judicial opinion; but if the confirmation were final it would be the final judgment in the case, and the subsequent judgment would be merely clerical. This should not be. The order of confirmation should be, as it is, merely interlocutory, and subject to the Chancellor's revision and correction until the final judgment is rendered in the case. The principle may be illustrated thus: Suppose a creditor, after filing his claim and it has been allowed, finds out that he has made a mistake, and at a subsequent term, after confirmation, asks the court to correct it, would the court say to him, you have had your day in court, the report is final, and your rights are *res adjudicata?* We think not.

The case came on for final hearing, and the Chancellor found that as Thos. F. Board and S. R. Adkisson, having no interest in the old partnership, by reason of their having drawn out of the firm amounts sufficient to cover their respective interests, the assets of both firms belonged equally to the appellant and John Dent's estate; that when the old firm was dissolved it was largely in debt; that the new firm executed its notes, amounting to over ten thousand dollars, to the creditors of the old firm in lieu of its indebtedness to them; that the new firm received credit with the old firm as having paid said sum in cash; that, after the death of John Dent, the appellant paid off these notes with money collected on the assets of

the old firm, and received credit in the commissioner's settlement for said sum; that the former credit, representing the new firm's notes, in lieu of the indebtedness of the old firm, was also allowed in the commissioner's report of settlement. The Chancellor rejected these credits on the ground that they were double credits, and consequently wrong, and referred the case to a commissioner, with directions to treat the assets of both firms as the assets of the firm of Adkisson & Dent, and charge the appellant with these assets and credit him with what he had paid out; also to charge him interest on these assets and to allow him interest on the sums paid out, etc. In view of the fact that the assets of both firms belonged to Adkisson and the estate of John Dent equally, and Adkisson having retained large sums of money in his hands belonging to the firm for considerable lengths of time, when it should have been paid out to stop interest, etc., the basis thus adopted is correct.

The appellant concedes that the double credits would be erroneous but for the fact that he was charged with the assets of the firm twice. If this be so, the result would be the same as one charge and one credit. However, the proof of the double charges consists in the statement of the commissioner, in his report of 1877, to the effect that as the appellant had been twice charged with the. assets he should be credited with the payment of these notes, but he does not intimate that the double charges were not subject to the former credit; that is, that the charge, say of twenty thousand dollars, was not subject to the former credit of ten thousand dollars, which would be equivalent to only charging him with,

say, ten thousand dollars. But this matter is, as we think, clearly put at rest. The Chancellor, in said judgment, directed the commissioner to overhaul the old reports and accounts, and charge the appellant with the assets, and credit him with the payments, etc. This the commissioner did, and reported the result, charging the appellant with the assets and crediting him, etc., in accordance with the court's intructions. The appellant filed numerous exceptions to this report, but did not suggest, in any of them, that the appellant was doubly charged with the assets. It is to be presumed that the commissioner, under his instructions, did purge the former settlements of the double charge, if such was the fact, and the failure to except to the report, as to this matter, grew out of a consciousness of the fact that the report was correct in this particular.

The judgment is affirmed.