CASE 47—PETITION ORDINARY—MAY 2.

# The Addyston Pipe and Steel Company v. Copple.

APPEAL FROM CAMPBELL CIRCUIT COURT.

RECEIPT IN FULL SETTLEMENT FOR PERSONAL INJURIES—MISTAKE—BURDEN OF PROOF.—Where the defendant in an action to recover damages for personal injuries relied for defense upon a writing signed by the plaintiff acknowledging the receipt of a certain sum from the

The Addyston Pipe and Steel Company v. Copple.

defendant " in full settlement " of all claims against defendant on ac-
count of the injuries received, it was error to instruct the jury that
the burden was on the defendant to show that the plaintiff fully un-
derstood and assented to the agreement as a settlement of his claim
for damages. The presumption is conclusive that the plaintiff so
understood the writing, and he is bound by it with that meaning
unless he attacks it by a plea of mistake, and then sustains that plea
by the weight of evidence.

NELSON & DESHA FOR APPELLANT.

No brief filed.

C. J. HELM, CLEARY & CLEARY FOR APPELLEE.

Under the circumstances attending the settlement the burden was on the
defendant to show that no advantage was taken of plaintiff in its
procurement.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee brings this suit against the appel-
lant to recover damages for the loss of a leg, caused
by the gross neglect of the appellant in knowingly
having defective machinery for the appellee to work
with while in its employment, and of which defect
the appellee did not know, and which defect caused
the machinery to give way and broke the appellee's
leg. The appellee recovered four thousand five hun-
dred dollars damages for said injury. The appel-
lant has appealed from that judgment.

The appellant traversed the allegation of defective
machinery and negligence. It pleaded the further fact
that appellee, before the institution of his suit, ac-
cepted one hundred dollars in money and an arti-
ficial leg in full satisfaction of said injury. The
appellant relied on a written contract, which reads
as follows:

"Received from Addyston Pipe and Steel Com-

pany the sum of one hundred dollars, in full settlement of all claims of whatsoever kind or character, caused by, or in anywise growing out of, an accident to me, Henry Copple, on or about the 29th day of October, 1889, at pit No. 3, Newport Works, Newport, Ky.

"In testimony whereof, I have hereunto set my hand, this the 17th of February, 1890.

                                        "Henry Copple."

"We also agree to furnish said Henry Copple with a good and serviceable artificial limb."

The appellee admits the agreement, but says that the appellant procured it from him by fraud, &c. He does not allege mistake as to the contents of the writing. The court instructed the jury in instruction No. 4 that they must find for the appellant, if the appellee, at the time he signed the agreement, "understood and fully assented to the same as a settlement in full of his claim for damages herein." Instruction No. 7 informs the jury that "the burden is on the defendant to make out its case by a preponderance of proof of the said settlement with the plaintiff under the fourth instruction herein." The other instructions place the burden upon the appellee as to the allegations of fraud. The instructions, taken together, mean that the burden of proof was upon the appellant, to show that the appellee "understood and fully assented to the agreement as a settlement of claim" for damages, and that the burden was upon the appellee to show that the agreement was obtained by fraud.

The writing signed by the appellee means that the

damages caused by the injury complained of were fully settled by the acceptance of one hundred dollars in money and the artificial limb. And the presumption is conclusive that the appelle thus understood it, and he is bound by the writing with that meaning, unless he attacks it by a plea of mistake, and then sustains that plea by the weight of evidence. Therefore, the instruction throwing the burden upon the appellant to show that the appellee "understood and fully assented" to the writing is erroneous.

The judgment is reversed, and the case is remanded for a new trial.

There is no brief on file for the appellant.