## Commonwealth Life Ins. Co. v. Hughes,

(Decided September 29, 1911.)

### Appeal from McCracken Circuit Court.

1. Insurance, Life—Action Upon Policy—Burden of Proof—Pleading—Suicide of Insured.—In an action upon an insurance policy, alleging fraud upon the company in inducing the beneficiary to accept a less sum than was due her on the policy, the burden of proof was upon the plaintiff, and to establish the fraud she must prove the representation false, and it was error for the court to adjudge that the burden was upon the company, and upon its failure to introduce its evidence, to peremptorily instruct the jury to return a verdict for the plaintiff.

2. Tender—Offer to Return Sum Paid in Settlement.—In order to maintain the action, it was not necessary that appellee return, or offer to return the amount paid her on the settlement. The

case arises out of contract and it is admitted that appellee was entitled to the sum paid her, so if she fails in her attack upon the settlement she would not be required to pay back what had been paid her.

WHEELER & HUGHES for appellant.

HENDRICK & CRICE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant issued and delivered, September 13th, 1909, to Halleen Hughes, a policy insuring her life in the sum of $300.00, payable at the death of the insured to her mother, the appellee, Blanche Hughes. The premium, amounting to $7.56, required by the policy, was paid by the insured as provided by its terms. On April 29th, 1910, and while the policy was in force, the insured died.

The policy of insurance contained the following provision:

"Should the insured, whether sane or insane, commit suicide within one year from the date of this contract, the liability of this company shall be limited to the amount of premium paid thereon."

Shortly after the death of the insured proofs thereof were duly furnished the insurance company by the beneficiary, and later its adjuster called upon her and paid her $7.56 in settlement of her claim under the policy, representing that the insured had committed suicide within one year from the date of the policy, for which reason appellee was only entitled, under the stipulation of the policy, quoted above, to the amount of premium paid thereon, namely, $7.56.

At the time of receiving the $7.56, appellee was required by appellant to execute to it the following receipt:

"Louisville, Kentucky, May 11, 1910.

Received of Commonwealth Life Insurance Company Seven—56-100 Dollars, $7.56, in full settlement and satisfaction of all claims under policy No. 85, 208, for $300.-00, issued by the Commonwealth Life Insurance Co., on the life of Halleen Hughes, Paducah, Ky., who died April 29th, 1910.

BLANCHE E. HUGHES,
1410 Harrison St.,
Paducah, Ky.

Witness: J. R. Dowell,
618 Broadway."

On October 11th, 1910, appellee, together with her, husband, sued appellant in the court below, setting forth in the petition the contract of insurance between Halleen Hughes and appellant as evidenced by the policy in question, the payment of all premiums thereon by the insured, the furnishing of proofs of the latter's death to appellant and its refusal to pay to the beneficiary the $300.00 insurance claimed under the policy. In the prayer of the petition judgment was asked against appellant for this amount, less the $7.56, received by appellee at the time of the execution of the receipt referred to.

The petition contained the admission that the appellee, Blanche Hughes, executed the receipt, but alleged in substance that she was induced to do so by the fraudulent representations of appellant's agent that the insured had committed suicide and that $7.56, the amount then paid her, was all she was entitled to under the policy; that these representations were false, but that in ignorance of her rights, she relied upon same not knowing them to be false at the time; and that by reason of the fraud thus practiced upon her she was induced to accept the settlement, supposed to be evidenced by the receipt, and to surrender to appellant the policy.

The appellant's answer denied any liability under the policy to appellee; also denied that the settlement with the appellee shown by the receipt, or that the execution of the receipt by her, was procured by any fraud or false representation upon the part of its agent, or that she was induced by reason of such fraud or misrepresentation to accept the settlement, or surrender the policy.

Following these denials the answer alleged the death of the insured, Halleen Hughes, by suicide, within a year of the date of the policy, and that by reason thereof appellant's liability on the policy was limited to the amount of the premium paid by the insured, which was $7.56, and that appellant paid this amount to appellee, and it was accepted by her in full satisfaction of her claim under the policy. This settlement was pleaded as a full accord and satisfaction of appellee's claim and a bar to the action.

Appellee's reply contained two paragraphs; the first denying that the insured committed suicide, or that the suicide clause in the policy was any part of the consideration for the issual of same; and also denied that

the payment of $7.56 made her by appellant, or the execution by her of the receipt therefor, constituted a settlement. In the second paragraph it was averred that the receipt executed by appellee and her surrender of the policy were without consideration.

When the case was called for trial the court ruled that the burden of proof was upon appellee. She then took the witness stand and proceeded to testify in her own behalf; but before her cross-examination was concluded, the court announced a change of mind as to the burden of proof and ruled that it was upon appellant. Thereupon, appellee was by the court made to leave the witness stand and her testimony excluded from the jury. Appellant objected to taking the burden of proof and excepted to the ruling of the court requiring it to do so. The court then made the further announcement that it would proceed with the trial and directed appellant to introduce its evidence, which it declined to do, and thereupon the jury, by the court's instruction, returned a verdict in favor of appellee for the $300.00 sued for, credited by the $7.56, paid her by appellant, May 10th, 1910, and judgment was entered in accordance with the verdict.

Appellant also excepted to the rulings of the court in thus proceeding with the trial and requiring it to introduce its evidence before that of appellee was introduced. It likewise objected to the peremptory instruction and excepted to the action of the court in giving same. Appellant was refused a new trial, hence this appeal.

The pleadings present no controversy as to the facts that the contract of insurance, including the suicide clause, was all contained in the policy delivered to the insured; that the insured died within one year from the date of the contract; that there had been but $7.56 paid in premiums on the policy prior to the death of the insured; and that after the death of the insured appellant paid appellee, as beneficiary named in the policy, $7.56, for which the latter executed to it a receipt which recites that the amount was received by her "in full settlement and satisfaction of all claims under the policy," asserted by her. There are, however, two issues of fact sharply made by the pleadings. 1st, as to whether the insured committed suicide. 2nd. As to the question of fraud and no consideration.

The first issue is so connected with the second as to practically make the two one. It being admitted by appellee's pleadings that the sum paid her by appellant in the settlement evidenced by the receipt she gave, was accepted by her in full satisfaction of her claim under the policy because of her reliance upon the representation of its agent that the insured had committed suicide—which, under a clause of the policy would only entitle her to what she received—and she having alleged that the representation was false, and, therefore, that it fraudulently induced her to accept a smaller amount than she was entitled to under the policy, the burden of proving the fraud thus alleged falls upon her; and to establish the fraud she must prove the representation false; that is, prove that the insured did not commit suicide.

It is equally true that the burden of proof as to the issue of no consideration, is upon the appellee. The party attacking an instrument purporting to evidence a settlement, or a mere receipt for the payment of money, whether the attack be based upon the ground of fraud, mistake or no consideration, must assume the burden of proving the ground. This rule of evidence is approved by all the authorities known to us. In Addison Pipe Co. vs. Copple, 94 Ky. 292, the defendant, in an action brought against it for damages for personal injuries, alleged to have been caused by its negligence in providing for his use defective machinery, pleaded in bar of a recovery a settlement evidenced by a writing, in which it was recited that the plaintiff had been paid $100.00 by the defendant and was to be furnished by it with an artificial limb, "in full settlement of all claims whatsoever kind or character, caused by * * * an accident to me, Henry Copple, on or about the 29th day of October, 1889, at pit No. 3, Newport Works, Newport. Ky." The plaintiff admitted the settlement but pleaded that it had been procured by the fraud of the defendant, and through his (appellee's) mistake. The trial court made the mistake of advising the jury, in an instruction, that the burden was on the defendant to prove the settlement. For this error the judgment was reversed.

In the opinion it is said:

"The writing signed by the appellee means that the damages caused by the injuries complained of were fully settled by the acceptance of $100.00, in money, and the artificial limb. And the presumption is conclusive that

the appellee thus understood it, and he is bound by the writing with that meaning unless he attacks it by a plea of mistake, and then sustains that plea by the weight of the evidence.''

Crabtree vs. Atchison, 93 Ky. 338; Anderson v. Hayden's Admr., 98 Ky., 455; Trustees Ky. Orphans' School vs. Fleming's Exr., 10 Bush, 234; Keisweiter vs. Kress, 24 R. 406; Robinson vs. Williamson, 7 Bush, 604.

It is clear that the burden of proof, as to the vital issues in this case, is upon the appellee, as she is the party ''who would be defeated if no evidence were given on either side.'' Civil Code, section 526. This being true, it follows that the circuit court was right in its first impression that the burden of proof was on appellee, and its action in finally transferring the burden to appellant, and upon its declining to assume it, instructing the jury to find for appellee, was error, necessarily prejudicial to appellant's rights.

We do not agree with appellant's counsel, that in order to maintain this action, appellee was bound to tender appellant a return of the amount she received of it. Hence, the circuit court did not err in overruling the demurrer to the second paragraph of the reply. The cases relied on in support of this contention were actions of tort in which the plaintiffs had repudiated settlements of claims for personal injuries on the ground that they were procured by the fraud of the defendants and the latter although relying on the settlements, were denying all liability for the injuries sustained, hence it was held that the plaintiffs should have restored or offered to restore, what they received in such settlements, and thereby place the defendants in as good condition as before they parted with what the plaintiffs were paid, in order to assert a right to the greater compensation claimed.

But the case before us arises out of the contract and it is admitted by the appellant that the appellee was entitled to the amount it paid her. So, if she fails in her attack upon the settlement as made, she would not be required to pay back what appellant then paid her, therefore, a tender of it before suit was unnecessary.

For the reasons indicated, the judgment is reversed for a new trial, and such further proceedings as may be consistent with the opinion.