## Coffman v. Saat.

(Decided April 28, 1925.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Corporations—Petition Held to State Cause of Action for Payment on Purchase Price of Stock.—Petition held to state cause of action against promoter of corporation never organized to recover amount paid on purchase price of stock.

2. Evidence—Burden on Plaintiff to Sustain Averments of Petition Traversed in Answer.—Where material averments of petition are traversed in answer, burden is on plaintiff to sustain averments by proof.

3. Pleading—Judgment for Plaintiff on Pleadings, in Action for Payment on Purchase Price of Stock, Held Erroneous.—Judgment for plaintiff on pleadings, in action against promoter of corporation never organized for amount paid on purchase price of stock, held erroneous, in view of answer, averring sale of interest in oil lease held by syndicate to plaintiff, and accompanying receipt for purchase price thereof.

R. G. WILLIAMS for appellant.

S. D. ROUSE, W. A. PRICE and W. H. RUCKER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Saat, brought this action in the Kenton circuit court against Coffman, averring that Coffman had solicited him to subscribe for stock in the Coffman Stewart Oil Syndicate, and in pursuance to such solicitation he did subscribe for $3,500.00 worth of such stock and paid to the defendant, Coffman, $1,000.00 on the purchase price, it being agreed and understood between them that Coffman and his associates would form a

$100,000.00 corporation and turn into it a large acreage of oil and gas leases then held by the syndicate; and further, that appellee's subscription was not to become binding or effective until the whole $100,000.00 was fully subscribed.    Appellee further averred that he later learned that only $12,000.00 of the capital stock in the syndicate was subscribed and that no corporation was ever organized, whereupon he instituted this action to recover of the defendant, Coffman, the $1,000.00 paid by him to Coffman on his $3,500.00 subscription.   James D. Stewart was later made a party defendant, it being charged he was one of the members of the syndicate to which we have referred.   After several motions and demurrers had been entered to the petition as amended, a substituted petition was filed by the appellee, setting forth in substance the same averments as contained in the petition and in the petition as amended, with less circumlocution and not nearly so much statement of evidence.    Appellee demurred to the substituted petition and also moved to strike out certain parts of it.   While this motion and demurrer were pending an amended petition was filed.   Finally, after the demurrer had been overruled and the substituted petition as amended declared sufficient, appellant filed answer in two paragraphs.   By the first paragraph he traversed the material averments of the substituted petition as amended. The second paragraph affirmatively pleaded that Coffman and Stewart formed the Coffman-Stewart Oil Syndicate and became the owner of a lease for oil on 2,600 acres of land in Grayson county, Kentucky; and further averred that "on the 19th day of January, 1921, this defendant sold to plaintiff for himself and associate a one-sixty-fourth (1/64th) interest in and to said lease for one thousand dollars ($1,000.00), cash in hand, and receipted said Saat for said interest in said syndicate holding, which entitled the said Saat to a one-sixty-fourth interest in and to any or all of the oil or gas which might be obtained from said land; that this defendant obtained the payment to him by the plaintiff of said one thousand dollars ($1,000.00) aforesaid and delivered to him a receipt therefor; that it was not intended nor did they attempt, at any time, to organize a corporation or to sell or offer for sale any shares of capital stock in any company of that name or any other name in connection with said lease or the sale of any interest therein."

A reply traversed the affirmative averments of the second paragraph of the answer, thus making the issues.

Soon after the filing of the reply the plaintiff moved for trial. This motion was continued. Again on April 29th, 1924, the plaintiff moved to submit for judgment on the pleadings. To this motion appellant Coffman objected, but his objection was overruled, and he excepted, and the cause was submitted for judgment on the pleadings. Thereupon the court rendered the following judgment:

"This cause coming on for trial, the plaintiff, Theodore Saat, moved for judgment on the pleadings. The defendant, S. W. Coffman, objected. The objection was overruled, the defendant excepted, and the cause was submitted for judgment. Whereupon it is ordered and adjudged that the plaintiff, Theodore Saat, recover of the defendant, S. W. Coffman, one thousand dollars, with interest from the sixteenth day of January, 1921, and his costs herein expended."

Motion and grounds for new trial having been overruled by the court Coffman prosecuted this appeal.

Many alleged reasons are assigned by appellant why the judgment should be reversed, but we think it will be sufficient to consider only the fifth ground relied upon, to-wit, "error of the court in adjudging defendant liable under the pleadings." And the sixth, which is stated, "because of error of the court in granting judgment herein on the pleadings," and "because the judgment herein is contrary to the pleadings, and because the judgment is contrary to law."

We think the petition stated a cause of action against appellant, Coffman, but as the material averments of the petition were traversed in the first paragraph of the answer the burden was upon appellee, Saat, to sustain the averments in his petition by proof. No proof was taken save one deposition relating to the drilling contracts and to the partial drilling of a well on the lease owned by the syndicate, which evidence does not affect the question we have here. Moreover, the answer by the second paragraph averred that appellant and his associate sold to appellee, Saat, a one-sixty-fourth interest in and to the oil lease held by the syndicate; with

the answer is filed the receipt given by appellant to appellee, when the trade was made. It reads:

"January 19, 1921. Received of Theodore Saat $1,000.00 for $1,000.00 interest in the Coffman-Stewart Syndicate. S. W. Coffman."

This is the only writing, so far as the record discloses, made between the parties with respect to the contract which is the basis of this litigation. In the absence of proof, where the affirmative averments of the petition and other pleadings are traversed, the defendant must win. This is true in every case where the necessary averments are made in a pleading, traversed by the opposite party and no proof is taken. If it be admitted that the court properly submitted the cause on the pleadings over the objection of appellant, it is nevertheless true that the burden was on appellee, Saat, under the state of the pleadings, and the court was in error in adjudging Saat entitled to recover against appellant Coffman.

Judgment reversed, with directions to dismiss plaintiff's petition.