## Edwards, et al. v. Bohon, et al.

(Decided March 12, 1926.)

### Appeal from Clinton Circuit Court.

1. Judgment—Interlocutory Ruling of Trial Court as to which Party had Burden of Proof should be Corrected, if Erroneous, on Trial During Succeeding Term.—Interlocutory ruling of trial court as to which party had burden of proof, rendered on request of parties

to facilitate preparation of case for trial, should be corrected, if erroneous, upon final submission of case at succeeding term.

2. Vendor and Purchaser—Where Defendants, in Suit to Enforce Purchase-Money Lien, Filed with Their Answer Receipt in Full, Burden of Overcoming Defense Held to be on Plaintiffs (Civil Code of Practice, Sections 434, 526, 527).—In action under Civil Code of Practice, section 434, to enforce lien claimed on land, where plaintiffs filed purchase-money notes with petition, and defendants filed receipt purporting to be in full payment, execution of which was admitted by plaintiffs, burden of proof was on plaintiffs to overcome defense of payment, in view of sections 526, 527.

BERTRAM & BERTRAM and J. A. FLOWERS for appellants.

J. G. SMITH for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellees, whom we shall call the plaintiffs, began this action under section 434 of the Civil Code, to enforce a lien claimed by them upon land which the appellants, whom we shall call the defendants, had inherited from their father, J. W. Edwards. The court rendered a judgment for $371.64, and directed that the land be sold in satisfaction thereof. Defendants excepted, and have appealed.

In 1902, J. W. Edwards, the father of the defendants, purchased a farm, and gave notes aggregating $900.00 for the deferred payments. Of these notes, one for $200.00 due September 25, 1907, and another for $200.00 due September 25, 1908, were assigned to the plaintiffs, Liddie (E. C.) Bohon, et al., on July 2, 1915. J. W. Edwards died in 1923, and his estate, including this land, was inherited by the defendants, Ross Edwards, et al. In 1924, after proving these notes, but without making demand for their payment of the administrator of J. W. Edwards, the plaintiffs, Liddie (E. C.) Bohon, et al., began this suit against defendants as distributees of the estate of J. W. Edwards, in which they sought to have their lien enforced, and to have the land in controversy sold in satisfaction thereof. They alleged that there were no other liens on this land. Defendants answered and pleaded the notes had been paid in full and filed as a part of their answer, the following receipt:

"Feb. 21, 1916. Received of J. W. Edwards, $54.20, balance on the Ed Gibbons land note.

E. C. BOHON."

Plaintiffs in reply denied that this receipt was in full payment of the notes, and pleaded that it was given for a payment on the notes, and claimed this $54.20 should be divided, and that each of these notes should be credited by $27.10, as of date February 21, 1916, and pleaded that failure to give this credit was an oversight.

On January 10, 1925, the parties joined in a request to the circuit court to fix and determine upon whom rested the burden of proof. The court adjudged the burden to be upon defendants. Neither party excepted. Both parties were ruled to have the case ready for trial the following term. Neither party took any proof. The following term the case was submitted, with the result noted, to which defendants excepted. It is insisted for the defendants that the court erred at the January term, 1925, in adjudging the burden to be upon them, and that when the case was finally submitted, it was the duty of the court to enter a proper judgment, even though in so doing it would have to reverse the ruling it had made upon the question of the burden of proof at the former term. The plaintiffs say that after the close of the January term, the court had no power to change the order which it had made at that term, and that when this case was submitted, the burden of proof was a closed question, and that as the defendants had reserved no exceptions to the ruling made in January, they can not by exceptions reserved to the judgment rendered in May, now raise the question of the correctness of the court's ruling upon the question of burden of proof. In other words, the plaintiffs claim that at the time this case was submitted in May, the question of the burden of proof was *res adjudicata.* Plaintiffs' position is not sound. The ruling made in January was only an interlocutory ruling, made for the purpose of expediting the preparation of the case, and upon the final submission of the case it was the duty of the court then to render such judgment as would do justice between the parties, and if to do so it was necessary to change the ruling made in January, he should have done so. Schafer-Myer Brewing Co. v. Hasselback's Assignee, 22 R. 218, 56 S. W. 971; Adkisson v. Dent, 88 Ky. 630, 11 S. W. 950, 11 R. 85. Having reached the conclusion that the order made in January was interlocutory only, and subject to revision, we come now to determine upon whom the burden of proof actually rested. This is fixed by sections 526, 527 of the Civil Code, also by the

cases of Robinson v. Williamson, 7th Bush 604; Commonwealth Life Ins. Co. v. Hughes, 144 Ky. 608, 139 S. W. 769, and Coffman v. Saat, 208 Ky. 591, 271 S. W. 668.

The notes filed with the plaintiffs' petition made a *prima facie* case in favor of the plaintiffs. The receipt filed with the defendants' answer overcame that, and made a *prima facie* case in favor of the defendants. The plaintiffs admit the execution of the receipt filed with defendants' answer, and the court should not have rendered a judgment in favor of the plaintiffs, unless by some evidence they overcame the defense thus established for the defendants.

The case of Combs v. Roark, 206 Ky. 454, 267 S. W. 210, is going to make it very difficult for either party to produce much proof, as those most likely to know anything about these receipts are not competent witnesses, still, it may be possible to find competent evidence, and if the parties can produce such, they should do so.

The judgment is reversed and the cause remanded with directions to allow the parties to present such proof as they can or desire to offer, upon which the case will be resubmitted.