## Keeton v. Kennedy.

Oct. 19, 1943.

J. C. Bird and B. B. Snyder for appellant.

Duncan & Duncan for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On July 25, 1927, appellee, H. C. Kennedy, executed his promissory note to John Keeton, father of appellant Guy Keeton, in the sum of $1,496.80, payable one day after date. John Keeton died in the year 1939 but before his death he assigned the note to appellant. On June 17, 1942, appellant filed this action in the Wayne circuit court to collect the note subject to an alleged payment or credit thereon of $300 as of February 1, 1938. He made the usual, or appropriate allegations with respect to the execution of the note by appellee to John Keeton, the assignment thereof for a valuable consideration to appellant subject to the alleged $300 payment or credit, and sought judgment against appellee for the remainder of the note with interest. Appellee filed his answer comprised of several paragraphs, pleading various defenses to the action, one of which was that he had paid and satisfied the note in full on February 1, 1938, and filed therewith a receipt signed by John Keeton. That paragraph of the answer and the receipt referred to read:

"Comes the defendant and for further answer and defense alleges that after the maturity of the note sued upon, and before this action was brought, and while John

Keeton was the holder thereof, and before the date of the alleged indorsement and transfer of said note by the said John Keeton to the plaintiff, Guy Keeton, this defendant paid and satisfied said note in full to the said John Keeton and took his receipt in full therefor, which receipt is in words and figures as follows:
"$300

"Received of H. C. Kennedy by check of J. M. Kennedy of even date, the sum of Three Hundred & no/100 in full settlement of the balance due on note executed to me by H. C. Kennedy about the year 1927, for about $1200.00, being the only note held by me against the said H. C. Kennedy, the said note now being lost.

"This February 1, 1938.
"[s]   John Keeton

"Witness:
"J. M. Kennedy."

He further alleged that the said payment of $300 was the balance in full due on the note sued on and paid by check of J. M. Kennedy of date February 1, 1938, and also filed the check which also recited that it was "in full of balance due John Keeton on note of H. C. Kennedy." (Signed) "Hurt and Kennedy, by J. M. K." The check was endorsed by John Keeton and marked "Paid 2-1-38." Appellee further alleged that at the time of the payment and settlement so made as indicated by the check and receipt, John Keeton represented to him that the note was lost and promised him that when he found the note, if ever, he would mail it to appellee but the note was never delivered to him. Apparently this allegation was made for the purpose of explaining the reason for the note not being delivered or turned over to appellee at the time of the alleged payment indicated by the receipt and check.

Appellant filed his reply, and in reply to paragraph four of the answer which alleged that the $300 payment was in full satisfaction of the balance of the note, he admitted that $300 was paid on the note but denied "that said payment satisfied same in full, or at all, except as a payment and credit thereon." Subsequent motions, orders and pleadings, not necessary to discuss herein, were filed and issues joined and a jury empaneled to try the issues, and after appellant and one other witness (his brother, Shelby Keeton) gave their testimony and closed

the evidence for appellant, upon motion of appellee the court peremptorily instructed the jury to find a verdict for appellee, which was accordingly done and appellant excepted and prayed an appeal, which was granted.

Appellant was unable to show by the evidence that the $300 payment made February 1, 1938, indicated by the receipt and check, was not in full payment or complete liquidation of the balance of the note and that there remained a portion of the note unpaid after being credited by such payment. In Edwards et al. v. Bohon et al., 213 Ky. 521, 281 S. W. 497, Bohon sued Edwards to collect certain notes representing unpaid purchase money on land which Edwards inherited from his father, who had executed the note. Edwards defended on the grounds that the notes had been paid in full and filed with his answer the following receipt: "Feb. 21, 1916. Received of J. W. Edwards, $54.20, balance on the Ed Gibbons land note. [Signed] E. C. Bohon." In reply Bohon denied that the receipt was in full payment of the notes and pleaded that it was given as a payment only on the notes. The trial in the circuit court resulted in a judgment in favor of Bohon and Edwards appealed. It was held that the receipt filed with the answer, reciting that it was "balance" on the note, made a prima facie case in favor of Edwards and the burden then shifted to Bohon to overcome the burden, and having failed to do so, the court should have rendered a judgment in favor of Edwards. The court said: "The notes filed with the plaintiffs' petition made a prima facie case in favor of the plaintiffs. The receipt filed with the defendants' answer overcame that, and made a prima facie case in favor of the defendants. The plaintiffs admit the execution of the receipt filed with defendants' answer, and the court should not have rendered a judgment in favor of the plaintiffs, unless by some evidence they overcame the defense thus established for the defendants." To the same effect are Robinson v. Williamson, 7 Bush 604, 70 Ky. 604; and Coffman v. Saat, 208 Ky. 591, 271 S. W. 688.

Appellant further insists that since appellee admitted the execution of the note and pleaded payment, the burden of proof was upon appellee and the court should have assigned the burden to him. It may be conceded that it is the general rule that when the maker of a note admits its execution and pleads payment, the burden is on him to prove payment. However, when the

maker of the note pleads payment and files with his answer the receipt of the payee showing payment and satisfaction in full, the burden then shifts to the payee. It appears that appellant assumed the burden of proof without having asked the court to assign the burden, but under the authorities supra, if the question of burden had been raised at the beginning of the trial it would not have been error for the court to have assigned the burden to appellant. These conclusions make it unnecessary to consider other questions raised. We find no error prejudicial to the substantial rights of appellant.

Judgment affirmed.