## O'Bryan's Adm'r v. Wurtman.

March 21, 1944.

Eaton & Eaton for appellant.

C. C. Grassham and Jos. S. Freeland for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Louis Wurtman obtained a $1,000 judgment against the estate of W. C. O'Bryan for personal services rendered O'Bryan for a two and one-half year period prior to his death the latter part of July, 1940. O'Bryan, who was 90 years of age when he died, left an estate consisting of some $30,000 in cash. It is insisted the judgment should be reversed because it is flagrantly against the weight of the evidence.

That Wurtman performed certain personal services for O'Bryan during the period in question is beyond dis-

pute, but the appellant earnestly insists he was paid for all services performed. We think the record supports the appellant's position. Wurtman lived next door to O'Bryan in a small brick building which he had rented from him in 1936 for $20 a month. He operated a fish market in the front of the building. He did carpentry work for O'Bryan from time to time, and,. as heretofore indicated, he performed certain personal services for him during the latter years of his life.

In support of his contention that Wurtman had been paid for his services the administrator introduced in evidence the following papers, which were in O'Bryan's handwriting, and signed by Wurtman:

"July 15, 1939

"This agreement made and entered into by and between W. C. O'Bryan and Louis Wurtman witnesseth: said W. C. O'Bryan is not indebted to said Louis Wurtman in anyway whatever and that Louis Wurtman is not indebted to W. C. O'Bryan in any way whatever excepting rent for lower room of brick house on corner of 3d and Jackson streets from first of July 1939.

"W. C. O'Bryan
"Louis Wurtman."

"December 1, 1939

"I hereby state that W. C. O'Bryan does not owe me anything and that I owe him rent on August, Sept. Oct. Nov. and Dec. 1939. rent paid ½ of Aug. 1939.

"Louis Wurtman

"I hereby state that W. C. O'Bryan does not owe me anything and he does not employ me by the year, month, week or day. What I do is paid me for the job only. short jobs. What I eat is he invites me and does not charge me anything for it.

"Louis Wurtman

"I hereby state that I do not owe W. C. O'Bryan and W. C. O'Bryan does not owe me signed & witnessed for each other.

"W. C. O'Bryan P. H. Jacobs
"Witness by W. C. O'Bryan P. H. Jacobs"

"March 20, 1940

"Received from W. C. O'Bryan Ten dollars in cash and rent of Sep and ½ of Oct. Rent paid to Oct. 15, 1939. $10.00 Paid by W. C. O'Bryan $5.00 and $5.00.

"Louis Wurtman

"April 20, 1940

"I hereby certify that W. C. O'Bryan has paid me in full for all services for him to date April 20th, 1940. I make this statement, he owes me nothing, in the presence of witnesses. Witness my hand April 20, 1940.

"Louis Wurtman

"Witness R. G. Hanner
"Witness Lena Hanner"

"In consideration of one and one-half months rent on lower floor of building corner 3d & Jackson streets I have cleaned inside of same and accept as payment in full for services to date, May 10, 1940, one and one-half months rent for my labor in cleaning same and all material furnished.

"Louis Wurtman

"Witness R. G. Hanner
"Witness Lena Hanner          W. C. O'Bryan"

"July 1, 1940

"Received from W. C. O'Bryan cash and other consideration in full for all service for him to date, July 1, 1940.

"Louis Wurtman"

Wurtman admitted signing these papers, but sought to show they did not relate to the personal services performed for O'Bryan. Of course, the trial judge properly ruled that Wurtman's evidence along that line was incompetent, in view of Section 606, subsection 2, of the Civil Code of Practice. Third parties testified they had heard O'Bryan say he intended to compensate Wurtman for caring for him.

Counsel for Wurtman insists all the foregoing writings, save that of March 20, 1940, constituted releases and not receipts, and therefore should have been pleaded. We are not in accord with that view. We think they constituted no more than receipts, and therefore were only evidentiary in nature. They made a prima facie case for the appellant, but parol evidence was admissible to explain them away. Edwards v. Bohon, 213 Ky. 521, 281 S. W. 497. The situation is not one where reliance is placed upon a single writing of doubtful meaning. Here there are six of them, and they show conclusively the relationship between the parties. If ever a man attempted to protect himself from just such a claim as the one here involved, it was O'Bryan. The record shows he did all of his business upon a cash basis, even

paying daily for his noonday meal, which was brought to him by a neighbor, for more than a year before his death. There was evidence also that on his deathbed O'Bryan directed a nephew to pay $5 to Wurtman, saying, "That is all I owe you, ain't it?" to which Wurtman replied, "Yes, that is all." Wurtman admitted receiving the $5, but could not recall anything said by him or O'Bryan about final payment.

Since we are of the opinion that Wurtman produced no more than a scintilla of evidence to overcome the receipts introduced by the administrator showing full payment for all services, there should have been a peremptory instruction in favor of the administrator. If the evidence be the same on another trial, this procedure should be followed.

In view of the conclusion reached, it is unnecessary to discuss Wurtman's cross appeal wherein he sought interest on the judgment from the date he filed his claim with the administrator.

Judgment reversed on the appeal and affirmed on the cross appeal.