## Bosworth, Auditor v. Marshall, County Attorney, et al.

(Decided May 26, 1915.)

### Appeal from Franklin Circuit Court.

1. Courts—Officers of.—A court in its broadest sense is a creature of the law charged with the administration of justice, and is composed of a judge, a clerk, and certain other officers charged with the duty of executing the court's processes and carrying into effect its orders.

2. Courts—Judges of.—But in a more restricted sense, and the one in which the words are customarily used, a court refers to the judge thereof alone.

3. Statutes—Construction.—When there is nothing in a statute to indicate how the Legislature intended the words used to be construed they will be given the meaning attached to them by the public rather than their technical meaning; and especially when to adopt the latter would be to give an unreasonable construction not intended by the Legislature.

4. Statutes—Construction.—Where the language of a statute is un-certain or ambiguous the court, resorting to the doctrine of con-temporaneous construction, will ordinarily give it the meaning which the adminstrative officials, charged with putting it into effect, have given it shortly after its adoption; but this rule is not applied where the meaning of the statute is plain and may be easily understood, and the doctrine of contemporaneous construc-tion will not be permitted to defeat the real legislative intention.

JAMES GARNETT, Attorney General, for appellant.

SCOTT & HAMILTON for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

This is an action by the county attorney, county clerk, and sheriff of Franklin County wherein a writ of man-damus is sought against the Auditor of Public Accounts requiring him to issue his warrant on the State treasury for $36.00 in payment for three sets of Carroll's 1915 Kentucky Statutes.

The Franklin County Court, in October, 1914, en-tered the following order:

"It appearing to the satisfaction of the Court that the Statutes of 1909 heretofore furnished the County Judge, County Attorney and Sheriff are mutilated and torn, and the said Officers have need of the new 1914 Edition of the Carroll's Kentucky Statutes:

"It is therefore ordered by the Court that a copy of the 1914 Carroll's Kentucky Statutes be furnished by the Standard Printing Company of Louisville, Ken-tucky, to each of the following officers: County Judge, County Attorney, County Clerk, and Sheriff, and the costs thereof be certified to the Auditor of Public Ac-counts of the State of Kentucky, for payment, as pre-scribed for in the Kentucky Statutes."

The petition states that pursuant to said order the Standard Printing Company delivered to each of them copies of the said Kentucky Statutes, and that the Au-ditor refused to issue his warrant therefor, which, as alleged, was his duty under the law. The petition further states that for more than thirty years last past the Com-monwealth of Kentucky has furnished to the county at-torneys, county clerks and sheriffs of this Commonwealth Statutes and Codes to replace those worn, torn, or muti-lated upon an order being made therefor as provided by law.

A demurrer was overruled to the petition, whereupon the defendant answered, denying that for more than thirty years, or for any greater period than twelve years last past, the Commonwealth has furnished to said officials Statutes to replace those worn, torn, or mutilated, and then proceeded to make certain allegations which we do not deem material to the determination of this case.

The court sustained a demurrer to the answer, and the defendant declining to plead further, the writ of mandamus was directed to be issued, and from that judgment the Auditor has appealed.

Article 2 of Chapter 77 of the Kentucky Statutes. (1909) deals exclusively with what persons shall be entitled to copies of official publications of this State, and kindred questions. Section 2421, which is a part of that article, provides:

"The following persons shall be entitled to one copy of the Session Acts of the General Assembly hereafter published, by virtue of their respective offices, to-wit: members of the General Assembly which passes such act, the Auditor, Register and Treasurer, the Attorney General, Commonwealth's and county attorneys, and justices of peace, the sheriff of each county, the clerk of each county, Secretary of State, and each judge of a court; the librarian shall be entitled to ten copies for the use of the Senate, and thirty copies for the use of the House."

Section 2432, also a part of that article, provides:

"When the Statutes or Code of Practice furnished any court shall be lost, mutilated or torn, the court may procure another copy and certify the cost thereof to the Auditor of Public Accounts, who shall issue his warrant on the Treasurer for the same."

It will be observed that the section first quoted entitled the officials therein named to one copy of "the Session Acts of the General Assembly hereafter published," and there is no provision in the act, other than in the two sections quoted, authorizing either a county attorney, a county clerk, or a sheriff to receive any other Statutes. But the Auditor has liberally construed Section 2432 to mean that "a court" may be entitled when its Statutes are lost, mutilated, or torn to procure another copy to be paid for by the State, and that such copy may be a compilation of the Statutes of this State

other than the Session Acts; but he takes the ground that the Statutes referred to in Section 2432 are to be furnished and paid for by the State *only to a court,* and not a copy to each of the individual officers or attaches of the court. It is apparent that the question must be determined upon what the legislative purpose was in the use of the words "any court" and "the court" used in Section 2432.

A court in its broadest sense is a creature of the law charged with the administration of justice, and it is composed of a judge, or judges, a clerk, and certain other executive officers charged with the duty of executing the court's processes and carrying into effect its orders; not only are the clerk and the sheriff, in their several capacities, a part of the court, but under our system the master commissioner, the official stenographer, the grand and petit jurors, and each of the attorneys are officers of and a part of the machinery of the court.

Cyc., Vol. 2, page 652, defines a court to be:

"A place where justice is judicially administered; the presence of a sufficient number of the members of a body in the government, to which the public administration of justice is delegated, regularly convened in an authorized place, at an appointed time, engaged in the full and regular performance of its duties; a body in the government to which the public administration of justice is delegated; an organized body, with defined powers, meeting at certain times and places, for the hearing and decision of causes and other matters brought before it, and aided in this, its proper business, by its proper officers, viz., attorneys and counsel, to present and manage the business, clerks to record and attest its acts and decisions, and ministerial officers to execute its commands and secure order in its proceedings; a tribunal empowered to hear and determine issues between parties, upon pleadings, either oral or written, and upon evidence to be adduced under well-defined and established rules, according to settled principles of law; an incorporeal political being, which requires for its existence the presence of its judges, or a competent number of them, and a clerk or prothonotary, at or during which, and at a place where it is, by law, authorized to be held, and the performance of some public act indicative of the design to perform the functions of a court; a judicial assembly; an official assembly, legally met together for

the transaction of judicial business; a judge or judges sitting for the hearing or trial of causes. In a broad sense the term may include a judge, and a jury, as well as a judge and a clerk.''

But there is a more restricted sense in which the words are used, and in which they are customarily used. Ordinarily when one speaks of the court he refers to the judge thereof, and has no reference to the other persons who comprise, in their official capacity, a large part of the machinery of the court.

When there is nothing in a statute to indicate how certain words therein used are intended to be interpreted the courts will, in the absence of something therein to indicate the legislative purpose, give to such words the meaning which is ordinarily attached to them by the public rather than their technical meaning; particularly so when to adopt the latter would be to give the statute an unreasonable construction clearly not intended by the Legislature.

To say that the Legislature meant by Section 2432 that the State should furnish to each officer of every court in the Commonwealth new Statutes whenever the old ones were worn or mutilated would be to authorize each clerk, attorney, sheriff, as well as all of the subordinate officers and attaches of each court to demand of the State a new compilation of the Statutes whenever an order might be entered reciting that the former one was worn or mutilated. This would be an unwarranted and unnecessary drain upon the State treasury, and one which manifestly was not contemplated by the Legislature. Section 2432 in using the words ''the court'' plainly referred to the court as a composite body, and intended that one edition of the Statutes should be furnished to that composite body for the joint use of the several persons composing it, when the order showing the necessity thereof should be entered.

The act in question was passed in 1893, but is in substantially the same terms as a statute in effect previous to that time; and the appellees contend that in as much as they alleged in their petition that for more than thirty years last past the State has furnished the Statutes to the officers in question under those acts that the doctrine of contemporaneous construction should in any event be applied. But the answer filed by appellant denied that the Commonwealth had furnished to the

county attorneys, county clerks and sheriffs the said Statutes for a greater period than twelve years last past.

So that for the purposes of the demurrer the pleadings show that although this act had been in effect for a number of years it had never been construed by the administrative officers of this State, charged with its execution, to entitle the officers in question to the Statutes until the last twelve years.

And we must, therefore, treat it as having been construed by them one way up to twelve years ago, and the other way since.

But contemporaneous construction of statutes by the administrative officers is resorted to by the courts only when their language is ambiguous or their meaning uncertain, when the courts will, as a matter of policy, adopt that construction placed upon them shortly after their adoption by the persons charged by law with putting them in effect. The reason of this is obvious; if the language is uncertain or difficult to understand, it is fair to presume ordinarily that the officials charged with the operation of the statute immediately after its adoption had a better conception of what it was intended to mean than the courts could have years later. But this rule is not resorted to by the courts unless the statute is ambiguous or uncertain in its terms and it is really difficult to ascertain its true meaning; and where, even though it has been given one interpretation by the administrative officials for a term of years, its meaning is plain and easily understood, the courts will not adopt the erroneous interpretation put upon it by the administrative officials.

This doctrine is distinctly laid down in 36 Cyc., 1139, wherein it is said:

"Primarily it is the function and duty of the courts to interpret the meaning of a statute, and where they can ascertain the legislative intent by the use of intrinsic aids alone resort to its contemporaneous construction by other persons is both unnecessary and improper. But where the language of the statute itself is ambiguous or uncertain, the opinions entertained by contemporaries as to its meaning are frequently the best guide to the legislative intent.

"On the principle of contemporaneous exposition, common usage and practice under the statute, or a course

of conduct indicating a particular understanding of it, will frequently be of great value in determining its real meaning, especially where such usage has been acquiesced in by all parties concerned, and has extended over a long period of time. But no matter how long the usage has been established, or how general the acquiescence in the customary construction, it will not be permitted to vary or to defeat the real intention of the Legislature as expressed in the statute and interpreted by the courts.''

We are of opinion that the doctrine of contemporaneous construction is not applicable.

It follows that the demurrer to the petition should have been sustained, and the judgment is, therefore, reversed.

Whole court sitting.