## Combs v. State Board of Education et al.

(Decided May 23, 1933.)

CHAS. N. HOBSON for appellant.

· BAILEY P. WOOTTON, Attorney General, and WM. R. ATTKISSON, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Townsel Combs, a resident, voter and taxpayer of Floyd county, Ky., filed certain verified charges with James H. Richmond, state superintendent of public instruction, and with the state board of education, composed of said James H. Richmond, superintendent of public instruction, Bailey P. Wootton, Attorney General, Sara W. Mahan, secretary of state, in which it was alleged that John Stephens, county superintendent of schools of Floyd county, Ky., and M. V. Wicker, George Hale, John W. Hamilton, Jack Branham, W. H. Horn, and James A. May, together with John Stephens, county superintendent, composing the county board of education of Floyd county, Ky., had committed certain wrongful and unlawful acts in their official capacity. It is not necessary for the purpose of this opinion to set out in detail the acts charged. It is sufficient to say that the acts charged, if substantiated by evidence, would fully justify their removal from office.

The question before us for determination is whether or not a writ of mandamus should issue to compel James H. Richmond and the other defendants, members of the state board of education, to summons witnesses and cause a hearing to be had on the charges presented by the plaintiff.

The petitioner, appellant, stated that he had furnished a list of witnesses to James H. Richmond, chairman of the board of education, and that he, Richmond, had refused to summons the witnesses or cause a hearing to be had. The petitioner prayed for a writ of

mandamus to compel Richmond, superintendent of public instruction, and the state board of education to cause summons to be issued for witnesses and have a hearing on the charges filed with them.

A demurrer was sustained to the petition, whereupon plaintiff amended his petition, alleging that the controversy and dispute involved the proper administration of the public school system; that the statutes under which plaintiff filed said charges had been continuously the law of Kentucky for many years and it had been the fixed policy, habit, and custom of former superintendents of public instruction and members of the state board of education to hold official hearings on charges or complaints duly filed by a citizen and taxpayer, and by reason of such custom and construction of the statutes adopted by previous boards of education, it had become a rule of contemporaneous construction of the statutes which should be adhered to herein; that the defendants have violated and departed from the meaning and construction of said statute.

The circuit court sustained a demurrer to the petition as amended as against the state board of education and the members thereof, except as to the defendant James H. Richmond. Richmond then filed his answer in which he denied certain allegations of the petition and further pleaded affirmatively in a separate paragraph, that he sent J. C. Mills, the duly qualified and acting assistant auditor and inspector of the department of education, to inspect and examine into the fiscal management and conduct of the office of superintendent of schools and members of the board of education of Floyd county, and to ascertain the truth or falsity of the charges set out in plaintiff's petition; that said J. C. Mills did make an audit and inspection of the said offices of the Floyd county board of education and the members thereof and the office of superintendent of county board of education of Floyd county; that said J. C. Mills made his findings and report thereon and duly filed same in the office of defendant Richmond, which report was based upon his audit and inspection as aforesaid; that upon the basis of that report the defendant Richmond was of the opinion that said charges filed by the plaintiff could not be sustained and he therefore refused to recommend for removal any of the members of the board of education or the superintendent of said county.

The appellant filed a demurrer to the answer and the court below carried the demurrer back to the petition and sustained the demurrer to the petition and the petition as amended, and appellant declining to plead further, his petition was dismissed. This appeal results.

It is obvious that no cause of action was stated against the state board of education. Section 4386a, Kentucky Statutes, provides that the superintendent of public instruction shall recommend for removal by the state board of education, any school board member including any county or city superintendent or principal of graded common school districts, who, in his opinion, is guilty of immorality or other misconduct in office, which recommendations shall be made in writing by the superintendent and filed with the board. Appellant did not allege in his petition that the superintendent of public instruction had filed with the state board such written charges or had made recommendations for the removal of any of the members of the said board of education or county superintendent of schools. Until and when this is done no cause of action exists against the Attorney General or secretary of state, as members of the state board of education.

This brings us to the question as to whether or not the demurrer should have been sustained to the petition as amended, as against James H. Richmond. It is a well settled rule of law that a mandamus will not lie to control or review the exercise of the discretion of any court, board, or officer, when the act sought to be enforced is either judicial or quasi judicial. This remedy will be applied only where no discretion is vested and the act sought to be enforced is purely a ministerial duty. It will be notice that in section 4386a, supra, that the superintendent of public instruction is required to perform this duty "when in his opinion any such school officer is guilty of misconduct in office," etc. Section 4398a-4 in part reads:

"He shall have power to clothe his assistants with full power of attorney to act for him as inspector."

Richmond, superintendent of public instruction, stated in his answer, the truth of which is admitted by the demurrer of plaintiff, that he did, by J. C. Mills, his duly qualified and acting assistant auditor and inspector of the department of education, duly investigate

the charges and as a result of that investigation it was his opinion that said charges could not be sustained and he did not deem it advisable to make further investigation. In view of the statutes above quoted and other sections relating to this subject-matter, it is our conclusion that the superintendent of public instruction was vested with a degree of discretion as to the propriety or necessity of making further investigation of the charges, and therefore a writ of mandamus to control or interfere with such discretion was properly refused. Houston v. Blotz, 169 Ky. 640-648, 185 S. W. 76; Cheatham v. Williams, 212 Ky. 73, 278 S. W. 139.

It is insisted that the rule of contemporeaneous construction of the statutes should have been applied as a means of giving them the force and interpretation as contended for by appellant. The rule of contemporaneous construction will be resorted to by the courts only when the meaning of a statute is uncertain or the language ambiguous. Bosworth v. Marshall, 165 Ky. 32, 176 S. W. 348; Gilbert v. Greene, 185 Ky. 817, 216 S. W. 105; Coleman v. Greene, 239 Ky. 680, 40 S. W. (2d) 283.

We do not think the statutes in question herein are impregnated with such ambiguity and uncertainty of meaning as to bring them within the rule of contemporaneous construction.

It is insisted for appellant that unless the relief sought herein be granted he will be without remedy to correct the condition existing as alleged in his petition. In this we are unable to agree. Even though the superintendent of public instruction and the state board of education be vested with power to grant the relief sought, the remedy is not exclusive. If his charges are true, a deplorable and intolerable condition exists in the common school system of Floyd county, of which the local courts have jurisdiction. It is a matter that addresses itself to the grand jury and law enforcement officers of Floyd county.

Perceiving no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.