**Walter HOGAN et al., Appellants,**

**v.**

**The KENTUCKY STATE BOARD OF EDUCATION et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1958.

As Modified on Denial of Rehearing

Dec. 18, 1959.

Jesse K. Lewis, John C. Anggelis, Lexington, for appellants.

Jo M. Ferguson, Atty. Gen., Robert F. Matthews, Jr., Asst. Atty. Gen., Dailey & Fowler, Frankfort, for appellees.

CULLEN, Commissioner.

Walter Hogan and others, being citizens and residents of Marion County, filed with the State Board of Education a petition setting forth charges of misconduct in office on the part of certain members of the Marion County Board of Education, and praying that the members be removed from office. The Superintendent of Public Instruction recommended to the state board that it take no action on the charges, and accordingly the state board took no action. The petitioners thereupon brought suit in the Franklin Circuit Court against the

State Board of Education and the Superintendent of Public Instruction, seeking an order of mandamus to compel the state board to hold a hearing upon the charges. The circuit court entered judgment dismissing the complaint. Hogan and his co-petitioners have appealed from the judgment.

The case presents a question of construction of subsections (1) and (2) of KRS 156.110, which read as follows:

"(1) The State Board of Education shall remove any school board member under its jurisdiction from office for immorality, misconduct in office, incompetency or willful neglect of duty. A copy of the charges preferred against the officer shall be furnished him, and he shall be given an opportunity to be heard in person or by counsel upon not less than ten days' notice. Vacancies in office caused by such removal shall be filled in the manner provided by law.

"(2) The Superintendent of Public Instruction shall recommend by written charges the removal by the State Board of Education of any school board member within the system of public education under the management and control of the State Board of Education who in his opinion is guilty of immorality, misconduct in office, incompetency or willful neglect of duty."

Subsection (2) of this statute had its origin in Section 4386a of Carroll's Kentucky Statutes, 1930 Edition, which was construed in Combs v. State Board of Education, 249 Ky. 320, 60 S.W.2d 957, decided in 1933. In that case charges had been filed with the Superintendent of Public Instruction, and after an investigation he concluded that the charges could not be sustained and should not be acted upon. An order of mandamus was sought to compel the holding of a hearing on the charges, and this Court held that mandamus would not lie because the statute vested a discretion in the superintendent.

At the time the Combs case was decided, a statutory provision comparable to subsection (1) of KRS 156.110 was not in existence. This latter provision was first enacted in 1934, as part of the School Code of 1934 (see section 4377–13 of Carroll's Kentucky Statutes, 1936 Edition). It is contended by the appellants that subsection (1) of KRS 156.110 was designed to provide for action by the State Board of Education independent of any recommendation by the Superintendent of Public Instruction; that it does not vest any discretion in the board, and therefore mandamus will lie to compel the board to act. The appellees maintain that subsection (1) was enacted only to implement subsection (2), by providing the procedure to be followed by the board when charges have been recommended to it by the superintendent. The lower court construed the statute in accordance with the appellees' contention.

We concur in the construction placed upon this statute by the lower court. Throughout the school laws, both at the state and local levels, there is an expression of consistent policy that educational boards take action only upon recommendation of a chief administrative officer. Local school boards act in the employment and removal of teachers only upon the recommendation of the local superintendent, KRS 160.380, 161.790. A recommendation by the Superintendent of Public Instruction is a prerequisite to many kinds of action by the State Board of Education (see KRS 156.070, 156.090, 156.160, 156.230).

Members of local school boards are responsible to the local electorate, and to the State Department of Education as the administrative agency charged with general control of the public school system (see KRS 156.010). We believe that KRS 156.110 was designed primarily to give the State Department of Education an effective means of enforcement of its power of general control, and not to designate the State Board of Education as a hearing agency for local complaints. If alleged misconduct by local board members is not considered

by the Superintendent of Public Instruction, in the exercise of a fair discretion, to be such as to warrant action by the State Board of Education, the local citizens may still obtain a remedy through removal proceedings by the Attorney General under KRS 415.030 and 415.050. See Richardson v. Commonwealth, 275 Ky. 486, 122 S.W.2d 156.

In substance, it is our opinion that subsection (1) of KRS 156.110 does not contemplate that the State Board of Education can be compelled to act without a recommendation by the Superintendent of Public Instruction under subsection (2); that the superintendent has a fair discretion as to whether to make such a recommendation; and that his discretion cannot be controlled by mandamus.

■ The contention is made by the appellants that under the particular circumstances of this case, guilt of the charges asserted was so established as to leave no room for an exercise of discretion by the Superintendent of Public Instruction. The charges had reference to the actions of the school board in connection with the closing of the Bradfordsville High School. In Wooley v. Spalding, Ky., 293 S.W.2d 563, 566, this Court held that the board in closing the school had acted "arbitrarily, capriciously and in excess of its lawful power." The appellants maintain that this holding convicted the individual members of the board of "immorality, misconduct in office, incompetency or willful neglect of duty," within the meaning of KRS 156.110; that the Wooley case is conclusive of the merits of this case and there is no discretion left with the Superintendent of Public Instruction or the State Board of Education to determine the merit of the charges.

We think it does not follow, however, from the fact that a board as a body has acted arbitrarily and in excess of its power, that any particular member or members of the board have individually been guilty of immorality, misconduct in office, incompetency or willful neglect of duty. There was

no determination in the Wooley case of individual responsibility of the various board members for the action taken by the corporate body.

■ A further contention is made by the appellants that the Superintendent of Public Instruction did not in fact exercise a fair discretion in refusing to recommend action on the charges. However, we believe the affidavit and supporting data submitted to the lower court by the superintendent showed a fair exercise of discretion, and that the opposing affidavit on behalf of the petitioners did not overcome this showing.

The judgment is affirmed.

WILLIAMS, J., did not participate in the consideration of the petition for rehearing.