Thomas G. EVANS, Appellant,

v.

Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1963.

Thomas G. Evans, pro se.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

This is an appeal from a judgment of the Lyon Circuit Court which refused to issue a writ in the nature of mandamus to compel appellee, Luther Thomas, warden of the penitentiary, to release appellant, Thomas G. Evans from confinement.

In 1957 Evans was convicted in the Jefferson Circuit Court of robbery and sentenced to ten years' confinement in prison. On May 26, 1962, he was paroled. On August 6, 1962, Reuben E. Kirkley, his probation and parole officer, made a written request under subsection (2) of KRS 439.430 for a parole violation warrant. This request was based upon the statement that Evans had been charged with assault and battery on July 9, 1962, that he had been seen coming out of a tavern with a case of beer, that he had caused a disturbance in his apartment, that on July 28, 1962, he had come out of a tavern with two bottles of beer and when city policemen approached he broke the bottles on the sidewalk and ran, that the officers had to use force to arrest him, that an assault and battery warrant was caused to be issued by his wife on another occasion and, further, because the Carrollton police department had strongly recommended that Evans' parole be cancelled.

Evans was arrested on August 6, 1962, as a result of a telephone call from Kirkley to the Carrollton police and he was held until August 8 when Kirkley arrived with a parole violation warrant and returned Evans to the penitentiary.

KRS 439.440 reads; "Any prisoner returned to prison for violation of his release shall be heard by the board within thirty days on the propriety of his re-release." Such a hearing was had on August 28, 1962 before the parole board. Evans was returned to the penitentiary.

In the proceedings in the Lyon Circuit Court and here, appellant sought and seeks the issuance of a writ in the nature of mandamus to compel the board to reverse its judgment and again to parole him.

Evans has two grounds upon which he bases his argument. He first complains that his arrest was not in conformity with subsection (1) of KRS 439.430. There appears to have been some irregularity in this connection. However, appellant does not make it plain why he believes an irregularity in his arrest would have, of itself, atoned for his original crime of robbery so that he would be entitled to an outright release. The question does require, however, some discussion.

Subsection (1) of KRS 439.430 reads in part:

"Any parole, probation or conditional release officer having reason to believe that a parolee or conditional releasee has violated the terms of his release may arrest such person without a warrant or may deputize any other peace officer to do so by giving him a written statement setting forth that the parolee or conditional releasee, in the judgment of the probation, parole or conditional release officer, has violated the conditions of his release. Such written statement delivered with the parolee or conditional releasee by the arresting officer to the official in charge of the station house, jail, workhouse or other place of detention, shall be sufficient warrant for the detention of the parolee or conditional releasee."

Appellant's complaint is founded on the fact that on August 6, the Carrollton police had arrested him on the strength of a telephone call from Kirkley and at a time when they had not been deputized by a written statement from the parole officer. However, when Kirkley arrived in Carrollton he had with him the parole violation warrant and it was under this instrument that Evans was returned to prison. The written statement required by the above statute is for the protection of the arresting officer and probably for the purpose of avoiding mistakes which so often occur during telephonic communications. The method used is condemned, but we find no reason that this technical defect should have the effect of vacating the original judgment of conviction.

Evans is being held prisoner under the judgment which convicted him of robbery. He has not served his sentence nor is he eligible to be finally discharged from prison. Upon his rearrest he was accorded a hearing although it appears that he may have been held for two days by the Carrollton police without proper authority. This in itself would not warrant the issuance of mandamus to compel the board to release him.

The appellant's second ground upon which he urges the issuance of mandamus is based upon his allegations that the various charges against him were untrue and, further, because the criminal offenses were dismissed by the court in which they were pending. He consistently denies that he has been guilty of misconduct. In his brief, he states:

"Appellant states he was given a (*So Called Hearing*) before the State Parole Board after his return to prison. This is not an actual Hearing (within the meaning of Hearing), it is only a date set for sentencing of Parole Violators as the chairman of the Parole Board signs the P. V. Warrant originally and at the So Called Hearing acts in the capacity of the accuser, prosecutor, and judge. Mr. Walter Ferguson stated at the hearing the Appellant may be telling the truth but he has to accept the Parole Officer's Report as the truth."

From the foregoing it is plain that appellant did receive a hearing before the board even though the board elected to accept the parole officer's report and recommendation that he be returned to prison. This was clearly within the power of the board in the exercise of its sound discretion. It is true that mandamus may issue to compel the exercise of discretionary duty, but not to compel the exercise of such duty in any particular manner. Kaufman v. Humphrey, Ky., 329 S.W.2d 575. The parole board when holding hearings under KRS 439.440 is acting as a quasi-judicial body and it is the general rule that mandamus will not lie to control the exercise of such a sound discretion. Combs v. State Board of Education, 249 Ky. 320, 60 S.W. 2d 957. We believe the allegations of appellant in his petition for a writ of mandamus in the Lyon Circuit Court were in-

 

sufficient and the court properly sustained the motion to dismiss.

Judgment affirmed.