**Coleman PORTER, III, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 92–CA–1207–MR.

Court of Appeals of Kentucky.

Aug. 6, 1993.

Discretionary Review Denied * and Opinion Ordered Published by the Supreme Court Jan. 26, 1994.

See also 841 S.W.2d 166.

* Leibson, J., would grant discretionary review.

J. David Niehaus, Deputy Appellate Defender, Frank W. Heft, Jr., Chief Appellate Defender, Louisville, for appellant.

Chris Gorman, Atty. Gen., Laura Early, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, HUDDLESTON and WILHOIT, JJ.

*OPINION*

HOWERTON, Judge:

Coleman Porter III appeals from an order of the Jefferson Circuit Court denying his motion for shock probation pursuant to KRS 439.265. While the statute prohibits any appeal from an order granting or denying shock probation, we will nevertheless consider the merits of this appeal. The basis for Judge Karem's decision was that he was unable to consider shock probation because of the nature of Porter's offense. We hold that KRS 532.045 precludes probation of any type for Porter, including shock probation. We therefore affirm.

Porter pled guilty to sodomizing and sexually abusing his three-year-old daughter and was given a 20–year sentence for sodomy and a five-year sentence for sexual abuse which were to run concurrently. His counsel subsequently moved for shock probation which was denied for the reasons previously given.

KRS 532.045(1) reads as follows:

Notwithstanding other provisions of applicable law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provision (sic) of this section be stricken for any of the following persons:

(a) A person convicted of violating KRS 510.040 to 510.150 [which includes sodomy and sexual abuse]....

Porter's offenses clearly fall in this category.

KRS 439.265(1) pertains to shock probation in felony convictions and it reads in part as follows:

Subject to the provisions of KRS Chapter 439 and Chapters 500 to 534, any Circuit Court may, upon motion of the defendant ... suspend the further execution of the sentence and place the defendant on pro-

bation upon such terms as the court determines.

The basic question to be considered is: does a prohibition against probation include a prohibition against shock probation. We conclude that it does and that the General Assembly intended to impose harsher penalties without any probation for persons who commit the specific offenses enumerated in KRS 532.045. We note at the outset that provisions of Chapter 532 are specifically covered by KRS 439.265(1).

KRS 532.045 is quite clear that "[n]otwithstanding other provisions of applicable law" probation shall not be allowed for the type offense committed by Porter. In spite of other provisions in other chapters and other sections of applicable law, persons convicted of offenses outlined in KRS 532.045 are prohibited from being granted probation or any form of release. It seems quite clear that the legislature intended for people convicted of such offenses to serve substantial time.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

WILHOIT, J., concurs.

HUDDLESTON, J., concurs in result only.