**Edwin A. SCHROERING, Jr., Judge and Roberta Louise Brammer, Appellants/Cross–Appellees,**

v.

**Mary Ann McKINNEY, Appellee/Cross–Appellant.**

Nos. 94–SC–642–MR, 94–SC–643–MR and 94–SC–699–MR.

Supreme Court of Kentucky.

Sept. 21, 1995.

Edwin A. Schroering, Jr., Louisville, pro se.

Bart Adams, Louisville, for appellant/cross-appellee, Roberta Louise Brammer.

Ethyle Noel, Georgetown, for appellee/cross-appellant, Mary Ann McKinney.

Ruby D. Fenton, Rogers, Fuller & Pitt, Louisville, for amicus curiae, Kentuckians' Voice for Crime Victims.

REYNOLDS, Justice.

Brammer was granted shock probation by the trial court pursuant to KRS 439.265. Brammer's appeal arises from the Court of Appeals' order granting a writ of mandamus, sought by McKinney, directing the trial judge to reconsider the decision granting shock probation.

On July 29, 1992, Brammer was involved in an automobile collision on Interstate 71, resulting in the death of motor cyclist James McKinney. McKinney's estate has settled its civil suit against Brammer in a separate action. Brammer was indicted on numerous charges and subsequently tried. The Attorney General replaced the Jefferson Commonwealth Attorney and prosecuted the indictment. Brammer was found guilty of reckless homicide and leaving the scene of an accident. At the sentencing hearing, Brammer requested a probated sentence and submitted an alternative sentencing plan. The Commonwealth opposed a probated sentence. Three victim impact statements were read from the witness stand by the victim's family and McKinney. Judge Schroering acknowledged that Brammer was a good candidate for probation, but sentenced her to three and one-half years for reckless homicide and 12 months for leaving the scene of an accident, to run concurrently.

On March 29, 1994, Brammer filed a motion for shock probation, waiving her right to a hearing, pursuant to KRS 439.265, and notice was sent to the Attorney General. Also, on March 29, 1994, an order was entered by the court granting Brammer's request for shock probation. On April 5, 1994, the Commonwealth filed a notice of objections to the terms and manner in which shock probation was granted. The Commonwealth did not appeal the trial court's decision and acknowledged that it could not file an appeal, nor does the statute require a hearing. KRS 439.265(2).

On April 22, 1994, Mary Ann McKinney, widow of James, filed a petition for writ of mandamus with the Court of Appeals in an effort to have the trial court's order granting shock probation revoked or set aside.

Without considering all of petitioner's issues, the Court of Appeals only directed the trial judge to reconsider the shock probation order after permitting the Commonwealth the opportunity to request a hearing or to file a written objection to Brammer's motion for shock probation. Additionally, the trial judge was instructed to state in any further order what consideration he had given to the victim impact statements.

■ Appellants first argue that McKinney has no standing to petition the court for a writ of mandamus. We agree. When the Court of Appeals initially considered McKinney's motion for emergency relief, the court expressed strong reservations as to McKinney's lack of standing and rejected McKinney's motion. Appellee McKinney as the surviving widow has a personal interest in the outcome, however, she does not have standing.

McKinney states that she has standing to petition the Court of Appeals for a writ of mandamus as she is a victim of a crime as defined by KRS 421.500. Furthermore, she submits that she has a statutory right to present her victim impact statement to the court prior to any determination regarding shock probation and a mandatory right to receive restitution for the crime perpetrated against her, pursuant to KRS 421.520(3) and KRS 533.030. *See Nichols v. Commonwealth,* Ky., 839 S.W.2d 263 (1992).

■ We find no violation of KRS 421.520(3). The statute requires a court to consider a victim impact statement prior to granting shock probation. The video record discloses that the victim impact statements were read aloud in court at the sentencing hearing, with the circuit judge present, attentive, and ruling upon an objection. We find no error from the record.

As the only parties in this case are the Commonwealth and Brammer, McKinney has no standing to petition for a writ of mandamus as the Commonwealth is the sole entity which has a judicially recognizable interest in the prosecution of criminal cases. KRS 15.725(1). While the legislature has granted victims certain rights, KRS 421.500, this stat-

ute does not include the right to participate as a party in a criminal action.

Appellants further argue that the trial judge did not exceed his authority in granting shock probation as such decision is statutorily within the trial court's discretion, is not reviewable, and, therefore, may not be controlled by a writ of mandamus.

KRS 439.265 states in part:

(1) [A]ny Circuit Court may, upon motion of the defendant made not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been incarcerated ... following his conviction and sentencing ... suspend the further execution of the sentence and place the defendant on probation upon terms the court determines....

(2) The court shall consider any motion filed in accordance with subsection (1) of this section within sixty (60) days of the filing date of that motion, and shall enter its ruling within ten (10) days after considering the motion. The defendant may, in the discretion of the trial court, have the right to a hearing on any motion he may file, or have filed for him, that would suspend further execution of sentence. Any court order granting or denying a motion to suspend further execution of sentence is not reviewable.

In its order, the Court of Appeals questioned Judge Schroering's decision to rule on the motion on the same day it was filed. Moreover, the Court of Appeals stated that certainly the statute should not be interpreted to mean that the Commonwealth should be deprived of an opportunity to be heard before the motion is ruled on.

Appellants state that the language of the statute only provides the *defendant* the right to request a hearing. They submit the hearing was waived and that the Commonwealth has no statutory right to request a hearing or now file a response.

Additionally, appellants contend that the decision, if timely, to grant or deny shock probation is within the trial court's discretion and, by the plain language of the statute, not reviewable, and that therefore the Court of Appeals' order is in direct conflict with the statutory language and usurps the discretionary power with which the trial court is vested.

Appellants concede that the Court of Appeals has permitted review of an order granting or denying shock probation on limited occasions where there are jurisdictional issues. For example, in *Commonwealth, ex. rel. Hancock v. Melton*, Ky., 510 S.W.2d 250 (1974), the Commonwealth petitioned for a writ of mandamus when the trial court granted shock probation after the time limit for filing said motions had expired. Therein, the Court of Appeals stated:

We first shall consider the contention of the respondent judge that this court has no authority to question the probation order because the statute, KRS 439.265, states that "Any court order granting or denying a motion to suspend further execution of sentence is not reviewable." We think it is obvious that this provision of the statute refers to a review *on the merits* of an order granting or denying a motion for probation. It does not, and could not constitutionally, deprive this court of its power to determine whether an order was within the *jurisdiction* of the circuit court as being within the authority granted by the statute. (*Id.* at 252.)

Also, in *Porter v. Commonwealth*, Ky.App., 869 S.W.2d 48 (1993), the Court of Appeals reviewed an order denying shock probation where the defendant claimed he was so entitled, despite a statutory prohibition for offenses such as those the defendant had committed. Therefore, the issue was jurisdictional as the trial judge denied shock probation on the grounds that he did not have the authority to entertain such motion. No jurisdictional issues arise in this case. The issue at hand is one of procedure, not jurisdiction; a procedure which is one of discretion with the trial court.

Appellants contend that a writ of mandamus is an extraordinary remedy and may not be used to direct a trial judge's actions in a discretionary matter. Mandamus will not lie to control the exercise of a judicial officer's sound discretion. *Evans v. Thomas*, Ky., 372 S.W.2d 798 (1963). "Man-

damus is a proper remedy to compel an inferior court to adjudicate on a subject within its jurisdiction where it neglects or refuses to do so, but will not lie to revise or correct a decision [or] ... to control the discretion of an inferior court." *Kaufman v. Humphrey,* Ky., 329 S.W.2d 575 (1959), citing *Hargis v. Swope,* 272 Ky. 257, 114 S.W.2d 75 (1938).

■ The applicable statute makes no provision for the Commonwealth to mandate a hearing to present arguments prior to the trial court's ruling on a motion for shock probation. The legislature conferred the right to request a hearing to the defendant, and then only if the trial court, in its discretion, agrees to one. If the legislature had intended the court to have a hearing at the Commonwealth's request, it would have provided for such as it did in the work release statute, KRS 439.265(3)(b).

The Court of Appeals erred by reviewing Judge Schroering's discretionary decision. *See* KRS 439.265(2).

It is not necessary to address any of appellee's remaining issues. The order of the Court of Appeals granting mandamus is reversed and the order of the trial court is reinstated.

STEPHENS, C.J., and FUQUA, LAMBERT, LEIBSON and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in part and dissents in part by separate opinion.

WINTERSHEIMER, Justice, concurring in part and dissenting in part.

I respectfully dissent from that part of the majority opinion that denies standing to McKinney to petition the Court of Appeals for a writ of prohibition. I concur in the result reached by the majority in that part of the opinion which determines that the applicable statute makes no provision for the Commonwealth to require a hearing to present arguments prior to the ruling on the motion for shock probation.

McKinney, as noted by the Court of Appeals, as a victim, has an absolute statutory right, pursuant to KRS 421.520(1) to submit a written victim-impact statement. KRS 421.520(3) requires that the trial court consider any such victim-impact statement prior to releasing a defendant on shock probation.

On January 7, 1994, a jury found Brammer guilty of reckless homicide and of leaving the scene of an accident. After a sentencing hearing, she was sentenced to a prison term of three and a half years for reckless homicide and 12 months for leaving the scene of an accident, to be served concurrently.

On March 29, 1994, Brammer filed a motion for shock probation and on the same day served a copy of the motion on the Commonwealth Attorney by United States Mail. Later on that same day, the trial judge entered an order granting shock probation. KRS 439.265, the shock probation statute, does not require that the trial court conduct a hearing on a motion for shock probation.

I disagree with the rationale of the majority because I believe that McKinney had standing to file a petition for a writ of mandamus. In order to have standing to sue, there must be a present, real and substantial, judicially recognizable interest in the subject matter of the litigation. *Cf. Kraus v. Kentucky State Senate,* Ky., 872 S.W.2d 433 (1994). The issue of standing is to be decided on the facts of each individual case. *Rose v. Council for Better Education, Inc.,* Ky., 790 S.W.2d 186 (1989). In this case, McKinney is the victim of a crime and as such has a judicially recognizable interest. Her right as a crime victim pursuant to KRS 421.500, belonged to her independent of the rights of the Commonwealth of Kentucky. *See Wilson v. Commonwealth,* Ky.App., 839 S.W.2d 17 (1992). Consequently, I believe that McKinney had standing to bring a petition seeking *mandamus.*

The real problem in this case is the shortcomings of KRS 439.265 in regard to the implementation of the rights of the victim to be present at a shock probation hearing. The majority correctly recognizes that the language of the statute provides the defendant only with the right to request the hearing. Here the hearing was waived and the Commonwealth has no statutory right to request a hearing or otherwise file a response. Even the right of the defendant to request a

hearing for shock probation is within the sound discretion of the trial court.

The statutes in question need to be reviewed by the General Assembly in order to give full implementation to what appears to be the legislative intent. Victim rights are a creature of statute. It is the responsibility of the legislature to correct any deficiencies. It is obvious that without notice, any right that a victim may have cannot be exercised. In this case, the victim had no statutory legal right to a hearing. The stark reality of the status of the law must be adhered to by this Court. However, it should be recognized that the legislature has the authority to correct, change and improve the statutes so as to give real meaning to the language of the law.

I write in order to emphasize the problem. If it is to be solved, it must be accomplished by the General Assembly in order to provide a complete package of victim rights. As noted by the majority, the legislature has provided the opportunity for hearings in similar situations such as KRS 439.265(3)(b), the work release statute.